**Henry Lee PRINCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46993.**

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Charles B. Herndon, Marvin O. Teague (on appeal only) Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Donald Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from an order revoking probation. On November 6, 1969, appellant was convicted of burglary with intent to commit theft upon his guilty plea and assessed a punishment of five (5) years. Imposition of the sentence was suspended and the appellant was placed on probation. Among the conditions of probation was the requirement that he "(a) Commit no offense against the laws of this or any other State or the United States."

A motion to revoke probation was filed on June 8, 1970, and it does not appear to have been acted upon. Subsequently, the State filed another such motion on January 20, 1972, alleging "THAT said defendant HENRY LEE PRINCE, on November 23, 1971, in the 184th District Court, Harris County, Texas, was duly and legally con·

victed of the offense of Robbery by Assault, Cause No. 153,013, and assessed five (5) years confinement in the Texas Department of Corrections."

A hearing was held on such motion on February 25, 1972, following which the court revoked probation and imposed sentence. Notice of appeal was given on March 3, 1972.

Appellant urges that the trial court abused its discretion in that it used as a basis for the revocation a conviction for another offense, which conviction was not final and which was subsequently set aside.

At the hearing the court, in describing the allegations of a conviction in the revocation motion to the appellant, stated, "The Robbery case in (sic) on appeal." After record evidence of the original conviction for burglary was offered and the probation officer had identified the appellant, etc., the State called Stu Stewart, an assistant district attorney, who testified that on November 23, 1971, he tried the appellant in Cause No. 153,013 in the 184th District Court and that the appellant had been found guilty and assessed a punishment of five years. He related that to his knowledge "it was a final conviction." He did not testify as to the nature of the offense which resulted in the conviction and there was no showing of the date of the commission of the offense.

Thereafter, the record reflects the following:

"MR. LAMBRIGHT: . . . we will offer into evidence the transcript of trial in Cause No. 153,013.

"MR. HERNDON (Defense Counsel): I don't see how he can offer it; it has not been prepared.

"THE COURT: Well, I have heard the testimony, and that transcript is now in the process of being prepared and that case in (sic) on appeal, so a copy of that trial is available to the Court of Criminal Appeals."

The court then revoked probation.

Notice of completion of the record was given on November 30, 1972. On December 18, 1972, the court approved the record.

On March 9, 1973, the court granted a new trial in Cause No. 153,013 under the provisions of Article 40.09, Sec. 12, Vernon's Ann.C.C.P., and ordered the entire record in such cause, including the order granting a new trial to be made a part of the appellate record in the instant appeal (Trial Cause No. 141,174) and, as amended, again approved the record in the instant appeal. By supplemental brief appellant complains of such action without notice to him or without opportunity to be heard on such matter.

■ This court has repeatedly held that a revocation order based alone upon a conviction that was not final at the time of the revocation cannot stand. Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960); Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971). Cf. Mason v. State, 438 S.W.2d 556 (Tex.Cr.App.1969); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App. 1970).

■ Not only was the conviction not final, but the conviction was set aside, as was the situation in Jansson v. State, supra.

The State not only alleged the conviction as the basis of the revocation, but sought to prove the conviction.

The words of Judge Roberts, speaking for the majority in Barrientez v. State, 500 S.W.2d 474 (Tex.Cr.App.1973) are here appropriate. There he wrote:

"Appellant contends that the verdict of guilty in the murder case is on appeal and therefore, cannot support the revocation. We agree. However, such is not the case before us. The State here did not rely upon the previous conviction as the basis for its application to revoke the probation. Both the motion to revoke probation and the order to revoke

were worded to the effect that appellant *committed* the offense of murder. Thus, the State sought to allege and prove the commission, not the conviction, of the murder offense."

Since the order of revocation must be set aside, we need not further discuss the issues which divided the court in Barrientez v. State, supra, and Stephenson v. State, 500 S.W.2d 855 (Tex.Cr.App.1973).

The judgment is reversed and the cause remanded.