**Harold Edward JOHNSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–008–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 4, 1982.

Eloy Sepulveda, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

Harold Edward Johnson has appealed the trial court's order revoking his probation and imposing a sentence of imprisonment in the Texas Department of Corrections for a period of seven years.

We affirm.

The trial court stated as grounds for revocation the appellant's failure to report to the adult probation office and his failure to pay his required probation fees. The trial court specifically found that appellant had failed to meet both these conditions in the months of September, October, November and December of 1980 and January, February and March of 1981. There is evidence in the record to support these findings.

In a revocation hearing, the trial judge has discretion to revoke the probation. *Wallace v. State*, 575 S.W.2d 512 (Tex.Cr.App.1979); V.A.C.C.P. Art. 42.-12(8)(a) (Supp.1982).

In effect, appellant's first ground of error is that the trial court abused its discretion in basing its order of revocation upon appellant's failure to report because there was a conflict in the conditions of appellant's probation.

One of the original conditions of appellant's probation was that he report to the adult probation officer on the 18th day of each month beginning on October 18, 1976.

During the revocation hearing appellant testified that he requested his probation officer to obtain some type of help for his drug problem. He asked her to see about the Cenikor Foundation. Upon the probation officer's recommendation the trial judge agreed that appellant be sent to the Cenikor Foundation. The conditions of appellant's probation were amended so as to provide that he reside at the Cenikor Foundation and not leave until so permitted by the trial court or the Cenikor Foundation.

According to appellant, he resided at the Cenikor Foundation for 10 months, from November 1979 until around August 1980. Without permission of the trial court he vacated the premises. When asked why he failed to revert to reporting to the adult probation office after he left the Cenikor Foundation, the appellant merely replied that he was scared because he was behind on his probation fees.

We note that the trial court's order of revocation is founded upon a period following the time at which appellant left the Cenikor Foundation.

We hold that the trial court's order was not an abuse of discretion inasmuch as it is supported by pleadings and evidence. We overrule the first ground of error.

Appellant's second and third grounds of error are, in effect, that his delivery to the Cenikor Foundation denied

him the ability to work; therefore, the trial court abused its discretion in revoking his probation on the ground that he had failed to pay his probation fees.

It is unnecessary that we consider appellant's second and third grounds of error in view of the fact that we have overruled his first ground of error. One sufficient ground for revocation will support the trial court's order revoking probation. *Moore v. State*, 605 S.W.2d 924 (Tex.Cr.App.1980).

The judgment of the trial court is affirmed.