**Donald Wayne ELLERBE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00040–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 2002.

C. Michelle Leitner, Houston, for Appellant.

Carmen Castillo Mitchell, Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty.-Harris County, Houston, for State.

Panel consists of Justices HEDGES, JENNINGS, and WILSON.*

---

* Justice Davie L. Wilson, who retired on March    31, 2002, continues to sit by assignment for

## OPINION

TERRY JENNINGS, Justice.

After a mistrial, appellant, Donald Wayne Ellerbe, pleaded nolo contendere to the felony offense of aggravated sexual assault of a child under the age of 14. Pursuant to his plea agreement with the State, the trial court deferred adjudication of appellant's guilt and placed him on community supervision for 8 years. After the State filed its second motion to adjudicate guilt, the trial court found that appellant violated the terms and conditions of his community supervision, adjudicated his guilt, and assessed punishment at 18 years confinement. In his sole point of error, appellant contends the State and the trial court violated the plea bargain agreement. We dismiss for lack of jurisdiction.

### Background

Appellant's plea agreement included conditions of community supervision that required appellant to participate in a sex-offender treatment program and submit to "sex offender counseling" and standard sex-offender conditions. Pursuant to these conditions, the trial court ordered appellant to submit to a "Sex Offender Treatment Evaluation" and to attend and participate in a court-approved treatment program.

Appellant attended counseling for sex-offender treatment but did not fully participate in the program. The counseling program required that appellant sign a document admitting he committed a sexual assault. Appellant denied he committed the offense, resisted treatment, and failed to do his program assignments. Appellant was then terminated from the program without completing it. The State filed a motion to adjudicate appellant's guilt, which was denied. However, the trial

court amended the terms and conditions of appellant's community supervision and ordered appellant to submit to a "Sex Offender Treatment Evaluation (Crismon & Associates Intensive Group Therapy)" and attend and "participate fully in an approved treatment program...." The trial court further notified appellant as follows:

THE COURT WILL BE NOTIFIED OF ANY MISSED TREATMENT SESSIONS. YOU ARE TO COOPERATE FULLY WITH COUNSELORS. YOU ARE TO HAVE NO ABSENCES, NO INCOMPLETE HOMEWORK AND NO EXCUSES.

The treatment program again required appellant to admit to his crime for the treatment to continue and be successful. Again, appellant denied he was guilty of the offense and was terminated from the program. The State then filed a second motion to adjudicate guilt, alleging appellant failed to submit to the sex-offender treatment and failed to attend and fully participate in the program.

The trial court found appellant had failed to submit to sex-offender treatment, adjudicated him guilty, and assessed his punishment at 18 years confinement.

### Analysis

■ In his sole point of error, appellant contends the trial court and the State violated his plea bargain agreement. He argues he accepted "a deferred adjudication probation in exchange for his not having to admit to the commission of the offense, but for his plea of nolo contendere." He complains that the trial court found him guilty of violating his probation when he would not admit to the offense as part of a sex-offender treatment program.

the disposition of this case, which was submitted on January 15, 2002.

The State argues the appeal should be dismissed for lack of jurisdiction. Appellant acknowledges that, pursuant to *Manuel v. State*, 994 S.W.2d 658, 662 (Tex.Crim.App.1999), "it would appear appellant has waived any right to appeal any issue in this case." However, he argues that *Manuel* is inapplicable because his original plea agreement was subsequently violated and, under article 26.13(a)(2),[1] he should have then been allowed to withdraw his plea of nolo contendere. *See Ex parte Rogers*, 629 S.W.2d 741, 742 (Tex.Crim.App.1982).

Appellant's argument is based on a false premise: that his plea of nolo contendere somehow relieved him of taking responsibility for his actions and of submitting to sex-offender counseling and participating fully in the treatment program. The legal effect of a plea of nolo contendere is "the same as that of a plea of guilty." TEX. CODE CRIM PROC. ANN. art. 27.02(5) (Vernon 1989). The only difference between a plea of guilty and a plea of nolo contendere is that a plea of nolo contendere may not be used against a defendant as an admission in any civil suit based upon or growing out of the act upon which the underlying criminal complaint was based. *Id.* A plea of nolo contendere does not relieve a defendant from having to admit to the commission of an offense so as to fully participate in a treatment program as a condition of community supervision. Thus, neither the State nor the trial court violated appellant's plea bargain agreement by requiring him to submit to, participate in, and successfully complete such a program.

Appellant is essentially left with arguing that his original plea was involuntary: that he "would never have pleaded nolo contendere in the first place" had he known he would "have to admit actually committing the offense." This Court, as acknowledged by appellant, may not consider any complaint concerning the original plea, because such a complaint must be raised when deferred adjudication community supervision is first imposed.[2] *See Manuel*, 994 S.W.2d at 661–62.

### Conclusion

We dismiss this appeal for lack of jurisdiction.

1. TEX.CODE CRIM PROC. ANN. art. 26.13(a)(2) (Vernon Supp.2002).

2. Meritorious claims of involuntary pleas may be raised by habeas corpus. *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex.Crim.App.2001).