**Gabriel FLORES, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 11–01–00305–CR, 11–01–00306–CR.**

Court of Appeals of Texas, Eastland.

March 20, 2003.

Discretionary Review Refused June 4, 2003.

Erika Copeland, Abilene, for appellant.

Britt Thurman, District Attorney, Anson, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

Appellant appeals from the revocation of his "regular" community supervision and from the revocation of his deferred adjudication community supervision. We reverse the revocation of the "regular" community supervision and dismiss the appeal from the revocation of deferred adjudication community supervision.

In Cause No. 11–01–00305–CR, the trial court originally convicted appellant, upon his plea of guilty, of theft of a firearm and assessed his punishment at 2 years confinement. The trial court suspended the imposition of the sentence and placed appellant on community supervision for 5 years. After a hearing on the State's motion to revoke, the trial court found that appellant violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced appellant to 2 years confinement.

In Cause No. 11–01–0306–CR, appellant pleaded guilty to the offense of burglary of a habitation. The trial court deferred adjudication of guilt, placed appellant on community supervision for 5 years, and assessed a $1,500 fine. After a hearing on the State's motion to adjudicate guilt, the trial court found that appellant violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, and sentenced him to confinement for 20 years.

In both cases, the State alleged in the motions that appellant violated the terms and conditions of his community supervision because appellant was convicted of murder on August 29, 2001.[1] In his sole issue on appeal in each case, appellant contends that the trial court erred because his murder conviction was not final at the time of the revocations.

The trial court held a hearing on the State's motion to revoke and motion to adjudicate on September 19, 2001. The trial court took judicial notice of appellant's August 29, 2001, conviction for murder. The State's motion to revoke was based upon appellant's conviction for murder, not the commission of the offense. *See Barrientez v. State,* 500 S.W.2d 474 (Tex.Cr.App.1973). The trial court's revocation was based upon appellant's conviction for murder. Appellant filed a notice of appeal from the murder conviction on September 25, 2001. If the revocation order is based alone on a conviction that was not final at the time of revocation, the order cannot stand. *Prince v. State* 503 S.W.2d 777 (Tex.Cr.App.1974). We sustain appellant's sole issue on appeal in Cause No. 11–01–00305–CR.

In Cause No. 11–01–00306–CR, this court lacks jurisdiction to consider appellant's issue. TEX. CODE CRIM. PRO.

ANN. art. 42.12, § 5(b) (Vernon Supp. 2003); *Phynes v. State,* 828 S.W.2d 1 (Tex. Cr.App.1992); *Olowosuko v. State,* 826 S.W.2d 940 (Tex.Cr.App.1992). We dismiss appellant's sole issue.

The judgment of the trial court in Cause No. 11–01–00305–CR is reversed, and appellant's community supervision is reinstated. The appeal in Cause No. 11–01–00306–CR is dismissed.

---

**1.** Appellant appealed from his murder conviction in Cause No. 11–01–00307–CR. On this same day, we issued an opinion affirming the conviction.