11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gabriel Flores

Appellant

Vs.                   Nos.  11-01-00305-CR & 11-01-00306-CR B Appeals from Jones County

State of Texas

Appellee

 

Appellant
appeals from the revocation of his Aregular@ community supervision and from the
revocation of his deferred adjudication community supervision.  We reverse the revocation of the Aregular@ community supervision and dismiss the appeal from the revocation of
deferred adjudication community supervision.

In Cause
No. 11-01-00305-CR, the trial court originally convicted appellant, upon his
plea of guilty, of theft of a firearm and assessed his punishment at 2 years
confinement.  The trial court suspended
the imposition of the sentence and placed appellant on community supervision
for 5 years. After a hearing on the State=s motion to revoke, the trial court found that appellant violated the
terms and conditions of his community supervision, revoked his community
supervision, and sentenced appellant to 2 years confinement. 

            In
Cause No. 11-01-0306-CR, appellant pleaded guilty to the offense of burglary of
a habitation.  The trial court deferred
adjudication of guilt, placed appellant on community supervision for 5 years,
and assessed a $1,500 fine.  After a hearing
on the State=s motion to adjudicate guilt, the trial court
found that appellant violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated his guilt, and
sentenced him to confinement for 20 years.








In both
cases, the State alleged in the motions that appellant violated the terms and
conditions of his community supervision because appellant was convicted of
murder on August 29,  2001.[1]  In his sole issue on appeal in each case,
appellant contends that the trial court erred because his murder conviction was
not final at the time of the revocations. 


The trial
court held a hearing on the State=s motion to revoke and motion to adjudicate on September 19, 2001.  The trial court took judicial notice of
appellant=s August 29, 2001, conviction for
murder.  The State=s motion to revoke was based upon appellant=s conviction for murder, not the commission
of the offense.  See Barrientez v.
State, 500 S.W.2d 474 (Tex.Cr.App.1973). 
The trial court=s
revocation was based upon appellant=s conviction for murder. 
Appellant filed a notice of appeal from the murder conviction on
September 25, 2001.  If the revocation
order is based alone on a conviction that was not final at the time of
revocation, the order cannot stand.  Prince
v. State 503 S.W.2d 777 (Tex.Cr.App.1974). 
We sustain appellant=s sole issue on appeal in Cause No. 11-01-00305-CR.

In Cause
No. 11-01-00306-CR, this court lacks jurisdiction to consider appellant=s issue. 
TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2003); Phynes v. State, 828 S.W.2d 1
(Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940 (Tex.Cr.App.1992).  We dismiss appellant=s sole issue.

The
judgment of the trial court in Cause No. 11-01-00305-CR is reversed, and
appellant=s community supervision is reinstated.   The appeal in Cause No. 11-01-00306-CR is
dismissed.

 

TERRY
McCALL

JUSTICE

March 20, 2003

Publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.

 











[1]Appellant appealed from his murder conviction in Cause
No. 11-01-00307-CR.  On this same day,
we issued an opinion affirming the conviction.