Opinion issued May 8, 2003










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01136-CR
____________

JORGE LUIS SILVA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 887838



 
MEMORANDUM OPINION
               Appellant pled guilty to sexual assault of a child. The trial court deferred
adjudication of guilt and placed appellant on community supervision for four years. 
The State filed a motion to adjudicate guilt to which appellant pleaded true. 
Following the terms of a plea bargain agreement, the trial court sentenced appellant
to five years’ confinement. Appellant filed a timely pro se notice of appeal from the
adjudication.
               In his sole point of error, appellant argues that the trial court erred by failing
to admonish appellant of his right to request final adjudication within 30 days after
entering his plea of guilty and the deferment of adjudication. 
               This issue relates to appellant’s original plea of guilty. The Court of
Criminal appeals held, in Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999), that a defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceedings only in appeals taken when
deferred adjudication community supervision is first imposed. Even the voluntariness
of the original plea may not be attacked in a post-adjudication direct appeal. Ellerbe
v. State, 80 S.W.3d 721, 723 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). There
are two exceptions to this general rule, namely: (1) when the original judgment was
null and void, and (2) when a writ of habeas corpus was litigated at the adjudication
hearing. Nix v. State, 65 S.W.3d 664, 667-70 (Tex. Crim. App. 2001). Neither
exception applies to this appeal.



 

               In addition to its brief, the State filed a motion to dismiss the appeal for lack
of jurisdiction. The motion is granted.
               The appeal is dismissed for lack of jurisdiction.
 


                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).