COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-391-CR
 
DEBRA LYNN BAKER                                                                                                
APPELLANT
V.
THE STATE OF
TEXAS                                                                 
STATE
------------
FROM THE 97TH DISTRICT
COURT OF CLAY COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Debra Lynn Baker was
convicted of murder and sentenced to ten years' confinement, probated for ten
years. Subsequently, the State filed a motion to revoke Baker's probation,
alleging various violations of the terms of her probation. Following a hearing,
the trial court found that Baker had violated terms "a,"
"l," and "n" of her probation. The trial court granted the
State's motion to revoke Baker's probation, revoked her probation, and sentenced
her to nine years and 360 days' confinement and a $10,000 fine. Baker raises two
points on appeal contending that the trial court abused its discretion by
revoking her probation because the State failed to meet its burden of proof at
the revocation hearing. We will affirm.
In order to prevail in a hearing on
a motion to revoke community supervision, the State must prove that the
defendant violated a condition of community supervision as alleged in the
petition. Lopez v. State, 46 S.W.3d 476, 481 (Tex. App.--Fort Worth
2001, pet. ref'd). The State's burden of proof in a revocation proceeding is by
a preponderance of the evidence. Id. at 481-82. Appellate review of an
order revoking community supervision is limited to a determination of whether
the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex. Crim. App. 1983).
Term "a" of Baker's
probation required her to "[c]ommit no offense against the laws of this
State or any other state or of the United States." The State alleged that
Baker had violated term "a" of her probation by committing the offense
of theft by check while she was on probation. The motion alleges:

 
 In violation of condition (a)
 Defendant on or about the 24th day of April, 1999, in Hays
 County, Texas, did then and there intentionally, knowingly and unlawfully
 appropriate property, to wit: Merchandise of the value of Twenty Dollars
 or more but less than Five Hundred Dollars from Tina Wright, the owner
 thereof, without the effective consent of the owner and with intent to
 deprive said owner of said property by then and there issuing and passing
 a check on the Hartland Bank of San Marcos, Texas, to the said owner for
 the payment of $65.96;
 

To prove this allegation, the State
introduced into evidence a certified copy of the complaint and information filed
in the Hays County theft by check case. The elements alleged in the complaint
and information are the same as the allegations set forth above in the State's
motion to revoke. The State also introduced a certified copy of the deferred
adjudication order reflecting that Baker pleaded nolo contendere to the offense.
The State called a fingerprint expert as a witness, and he testified that the
fingerprint on the deferred adjudication order in the theft by check case
belonged to Baker. Finally, Baker testified and admitted that she was the same
person who pleaded nolo contendere to the Hays County theft by check charge. The
State argues that this evidence clearly established that Baker committed the
offense of theft by check while she was on probation and that the trial court
properly revoked her probation.
Baker argues that there are two
separate and distinct methods the State may utilize to establish a defendant
violated the commit-no-offense term of her probation. Baker asserts that the
State may either prove up a final conviction or may offer actual testimony and
evidence concerning the facts and circumstances of the offense and thereby prove
up every element of the offense. Baker contends that the State failed to utilize
either method here.
According to Baker, because she
pleaded nolo contendere to, and lived out her deferred adjudication for, the
theft by check charge before the State moved to revoke her probation, the theft
by check charge was not a "final" conviction that could be used to
revoke her probation. She cites Long v. State, 590 S.W.2d 138, 139-41
(Tex. Crim. App. [Panel Op.] 1979) and Prince v. State, 503 S.W.2d 777,
778 (Tex. Crim. App. 1974). These cases, however, do not stand for the
proposition that only a final conviction will violate the standard probation
term that the probationer "commit no offense" against the laws of the
State. Instead, in both Long and Prince, the State moved to
revoke the defendant's probation on the ground that he had been convicted
of an offense while on probation and not because, as here, the probationer committed
an offense. See Long, 590 S.W.2d at 140 (holding, "Thus, without
the connecting link of the booking sheet which showed the same name, driver's
license number, and birthdate as those on the probationer information sheet,
there is no proof that the judgment and sentence of conviction for the
misdemeanor offense of theft related to the same person who was on probation at
the time."); Prince, 503 S.W.2d at 777-78 (recognizing that the
State's motion to revoke alleged that the defendant "was duly and legally convicted
of the offense of Robbery by Assault, Cause No. 153,013, and assessed five (5)
years confinement in the Texas Department of Corrections"); see also
Martinez v. State, 635 S.W.2d 762, 767 (Tex. App.--Corpus Christi 1982, no
pet.) (recognizing final conviction not necessary to revoke probation when State
alleges violation of probation by committing offense as opposed to conviction
for offense). When the State's motion to revoke probation alleges that the
defendant committed an offense in violation of the conditions of probation, the
State must prove only that the defendant committed an offense, not that the
defendant has been finally convicted of that offense. See Martinez, 635
S.W.2d at 767.
Additionally, the fact that Baker
pleaded nolo contendere, instead of guilty, is of no consequence here. A plea of
nolo contendere has the same effect as a plea of guilty except it does not
constitute an admission in a civil suit arising from the offense. Tex. Code
Crim. Proc. Ann. art. 27.02(5) (Vernon 1989); Dees v. State, 676 S.W.2d
403, 404 (Tex. Crim. App. 1984). Baker's plea of nolo contendere to the theft by
check offense constituted an admission of every element of that offense. See
Dees, 676 S.W.2d at 404; see also Ellerbe v. State, 80 S.W.3d 721,
723 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd) (recognizing
that a plea of nolo contendere does not relieve a defendant from having to admit
to the commission of an offense).
In summary, the State's motion to
revoke alleged that Baker committed an offense, specifically theft by check
"on or about the 24th day of April, 1999, in Hays County,
Texas," by:

 intentionally, knowingly and
 unlawfully appropriat[ing] property, to wit: Merchandise of the value of
 Twenty Dollars or more but less than Five Hundred Dollars from Tina Wright,
 the owner thereof, without the effective consent of the owner and with intent
 to deprive said owner of said property by then and there issuing and passing a
 check on the Hartland Bank of San Marcos, Texas, to the said owner for the
 payment of $65.96.

 
Through a certified copy of the
complaint, information, and order placing Baker on deferred adjudication, as
well as Baker's testimony that she pleaded nolo contendere to this charge, the
State proved by a preponderance of the evidence each element of the theft by
check offense it alleged Baker committed in its motion to revoke. Thus, the
State utilized the second method recognized by Baker as appropriate to establish
that the probationer committed an offense while on probation. We hold that the
trial court did not abuse its discretion by granting the State's motion to
revoke Baker's probation. We overrule Baker's first point.
In her second point, Baker claims
that the trial court abused its discretion by revoking her probation based on
its findings that she also violated other conditions of her probation. Because
of our disposition of point one, we do not need to address the merits of Baker's
second point. See Tex. R. App. P. 47.1. One sufficient ground for
revocation will support the trial court's order revoking probation. Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Ex parte
Brown, 875 S.W.2d 756, 761 (Tex. App.--Fort Worth 1994, no pet.); Johnson
v. State, 638 S.W.2d 206, 208 (Tex. App.--Fort Worth 1982, no pet.).
Having overruled Baker's first
point on appeal, we affirm the trial court's judgment.
 
                                                                       
SUE WALKER
                                                                       
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and
WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 15, 2003

1. See Tex. R. App. P. 47.4.