Debra Lynn Baker v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-391-CR

DEBRA LYNN BAKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF CLAY COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Debra Lynn Baker was convicted of murder and sentenced to ten years’ confinement, probated for ten years.  Subsequently, the State filed a motion to revoke Baker’s probation, alleging various violations of the terms of her probation.  Following a hearing, the trial court found that Baker had violated terms “a,” “l,” and “n” of her probation.  The trial court granted the State’s motion to revoke Baker’s probation, revoked her probation, and sentenced her to nine years and 360 days’ confinement and a $10,000 fine. Baker raises two points on appeal contending that the trial court abused its discretion by revoking her probation because the State failed to meet its burden of proof at the revocation hearing.  We will affirm.

In order to prevail in a hearing on a motion to revoke community supervision, the State must prove that the defendant violated a condition of community supervision as alleged in the petition.  
Lopez v. State
, 46 S.W.3d 476, 481 (Tex. App.—Fort Worth 2001, pet. ref’d).  The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.  
Id. 
at 481-82.  Appellate review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion.  
Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

Term “a” of Baker’s probation required her to “[c]ommit no offense against the laws of this State or any other state or of the United States.”  The State alleged that Baker had violated term “a” of her probation by committing the offense of theft by check while she was on probation.  The motion alleges:

1. In violation of condition (a) Defendant on or about the 24
th
 day of April, 1999, in Hays County, Texas, did then and there intentionally, knowingly and unlawfully appropriate property, to wit: Merchandise of the value of Twenty Dollars or more but less than Five Hundred Dollars from Tina Wright, the owner thereof, without the effective consent of the owner and with intent to deprive said owner of said property by then and there issuing and passing a check on the Hartland Bank of San Marcos, Texas, to the said owner for the payment of $65.96;

To prove this allegation, the State introduced into evidence a certified copy of the complaint and information filed in the Hays County theft by check case.  The elements alleged in the complaint and information are the same as the allegations set forth above in the State’s motion to revoke.  The State also introduced a certified copy of the deferred adjudication order reflecting that Baker pleaded nolo contendere to the offense.  The State called a fingerprint expert as a witness, and he testified that the fingerprint on the deferred adjudication order in the theft by check case belonged to Baker.  Finally, Baker testified and admitted that she was the same person who pleaded nolo contendere to the Hays County theft by check charge.  The State argues that this evidence clearly established that Baker committed the offense of theft by check while she was on probation and that the trial court properly revoked her probation.

Baker argues that there are two separate and distinct methods the State may utilize to establish a defendant violated the commit-no-offense term of her probation.  Baker asserts that the State may either prove up a final conviction or may offer actual testimony and evidence concerning the facts and circumstances of the offense and thereby prove up every element of the offense.  Baker contends that the State failed to utilize either method here.

According to Baker, because she pleaded nolo contendere to, and lived out her deferred adjudication for, the theft by check charge before the State moved to revoke her probation, the theft by check charge was not a “final” conviction that could be used to revoke her probation.  She cites 
Long v. State
, 590 S.W.2d 138, 139-41 (Tex. Crim. App. [Panel Op.] 1979) and 
Prince v. State
, 503 S.W.2d 777, 778 (Tex. Crim. App. 1974).  These cases, however, do not stand for the proposition that only a final conviction will violate the standard probation term that the probationer “commit no offense” against the laws of the State.  Instead, in both 
Long
 and 
Prince
, the State moved to revoke the defendant’s probation on the ground that he had been 
convicted
 of an offense while on probation and not because, as here, the probationer 
committed
 an offense.  
See Long
, 590 S.W.2d at 140 (holding, “Thus, without the connecting link of the booking sheet which showed the same name, driver's license number, and birthdate as those on the probationer information sheet, there is no proof that the judgment and sentence of conviction for the misdemeanor offense of theft related to the same person who was on probation at the time.”); 
Prince
, 503 S.W.2d at 777-78 (recognizing that the State’s motion to revoke alleged that the defendant “was duly and legally 
convicted
 of the offense of Robbery by Assault, Cause No. 153,013, and assessed five (5) years confinement in the Texas Department of Corrections”); 
see also Martinez v. State
, 635 S.W.2d 762, 767 (Tex. App.—Corpus Christi 1982, no pet.) (recognizing final conviction not necessary to revoke probation when State alleges violation of probation by committing offense as opposed to conviction for offense).  When the State’s motion to revoke probation alleges that the defendant committed an offense in violation of the conditions of probation, the State must prove only that the defendant committed an offense, not that the defendant has been finally convicted of that offense.  
See Martinez
, 635 S.W.2d at 767. 

Additionally, the fact that Baker pleaded nolo contendere, instead of guilty, is of no consequence here.  A plea of nolo contendere has the same effect as a plea of guilty except it does not constitute an admission in a civil suit arising from the offense. 
 Tex. Code Crim. Proc. Ann.
 art. 27.02(5) (Vernon 1989); 
Dees v. State
, 676 S.W.2d 403, 404 (Tex. Crim. App. 1984). Baker’s plea of nolo contendere to the theft by check offense constituted an admission of every element of that offense.  
See Dees
, 676 S.W.2d at 404; 
see also Ellerbe v. State
, 80 S.W.3d 721, 723 (Tex. App.—Houston [1
st
 Dist.] 2002, pet. ref’d) (recognizing that a plea of nolo contendere does not relieve a defendant from having to admit to the commission of an offense).

In summary, the State’s motion to revoke alleged that Baker committed an offense, specifically theft by check “on or about the 24
th
 day of April, 1999, in Hays County, Texas,” by:

intentionally, knowingly and unlawfully appropriat[ing] property, to wit: Merchandise of the value of Twenty Dollars or more but less than Five Hundred Dollars from Tina Wright, the owner thereof, without the effective consent of the owner and with intent to deprive said owner of said property by then and there issuing and passing a check on the Hartland Bank of San Marcos, Texas, to the said owner for the payment of $65.96.

Through a certified copy of the complaint, information, and order placing Baker on deferred adjudication, as well as Baker’s testimony that she pleaded nolo contendere to this charge, the State proved by a preponderence of the evidence each element of the theft by check offense it alleged Baker committed in its motion to revoke.  Thus, the State utilized the second method recognized by Baker as appropriate to establish that the probationer committed an offense while on probation.  We hold that the trial court did not abuse its discretion by granting the State’s motion to revoke Baker’s probation.  We overrule Baker’s first point.

In her second point, Baker claims that the trial court abused its discretion by revoking her probation based on its findings that she also violated other conditions of her probation.  Because of our disposition of point one, we do not need to address the merits of Baker’s second point.  
See
 
Tex. R. App. P.
 47.1.  One sufficient ground for revocation will support the trial court's order revoking probation.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Ex parte Brown
, 875 S.W.2d 756, 761 (Tex. App.—Fort Worth 1994, no pet.); 
Johnson v. State
, 638 S.W.2d 206, 208 (Tex. App.—Fort Worth 1982, no pet.). 

Having overruled Baker’s first point on appeal, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 15, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.