11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                                              

Vernon Sam Woodard

Appellant

Vs.                   No.
11-03-00147-CR -- Appeal from Dallas County

State of Texas

Appellee

 

This is an appeal from a revocation of community
supervision.  The trial court originally
convicted Vernon Sam Woodard, upon an open plea of nolo contendere, of the
offense of possession with intent to deliver cocaine.  The trial court assessed appellant=s punishment at confinement for 10
years and a $1,500 fine but ordered appellant to participate in a state boot
camp program under TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 8 (Vernon Pamph. Supp. 2004 -
2005).  The trial court subsequently
suspended the imposition of the sentence and placed appellant on community
supervision for 10 years.  The State
later moved to revoke appellant=s
community supervision.  The trial court
granted the motion, revoked appellant=s
community supervision, and assessed his punishment at confinement for 10
years.  We affirm.  

In his sole point of error, appellant contends that
the State failed to prove that he delivered cocaine to AJ.
Jackson@ as
alleged in the motion to revoke.  Under
this point of error, appellant also asserts that his conviction for delivery of
cocaine to AT.
Jackson@ was not
a final conviction and, therefore, could not have been used as a basis to
revoke his community supervision.[1]









We review an order revoking community supervision
under an abuse of discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Cr.App.1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex.Cr.App.1983). 
At a revocation hearing, the State bears the burden of proving by a
preponderance of the evidence that the defendant violated the terms and
conditions of his community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex.Cr.App.1993).  Proof of any one of the alleged violations of
the conditions of community supervision is sufficient to support a revocation
order.  Moore v. State, 605 S.W.2d
924, 926 (Tex.Cr.App.1980); Sanchez v. State, 603 S.W.2d 869, 871
(Tex.Cr.App.1980).  At a revocation
hearing, the trial court is the sole judge of the credibility of the witnesses
and of the weight to be given their testimony; and, on appeal, the evidence
must be viewed in the light most favorable to the trial court=s ruling.  Cardona v. State, supra at 493;
Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App.1981).  

At the hearing on the motion to revoke, the State
specifically Areoffer[ed]
the evidence heard during the course of the jury trial@
in which appellant was being tried for delivery of cocaine.   The record from the jury trial shows that
Officer Tanya Jackson was working undercover on the afternoon of September 12,
2002.  Officer Jackson testified that she
walked up to the chain link fence at 3507 Packard Street in Dallas and
yelled:  AHey.@ 
Appellant walked down the steps from the residence and over to the
fence.  Appellant asked Officer Jackson
what she wanted.  Officer Jackson told
appellant that she wanted Athree
quarters,@ which
meant $75 worth of crack cocaine. 
Appellant said that he would have to go inside and Acut it up.@  According to Officer Jackson, appellant went
inside and returned a couple of minutes later with three loose rocks of crack
cocaine.  Appellant handed Officer
Jackson the cocaine, and she gave him $80. 
Appellant then went inside to get Officer Jackson=s
change and returned with a $5 bill. 
Officer Jackson left with the cocaine and walked to the covert vehicle
where another officer was waiting for her. 
They took the cocaine, field tested it, sealed it in a bag, and checked
it into the property room.  The next day,
appellant was arrested at the same residence pursuant to a warrant.  








We hold that, although the record shows that
appellant purchased cocaine from Officer Tanya Jackson, as opposed to AJ. Jackson,@
the evidence is sufficient to prove by a preponderance of the evidence that
appellant violated condition AA@ of his community supervision by
committing an Aoffense
against the laws@ of this
state.   See Fuller v. State, 73 S.W.3d 250, 252-54
(Tex.Cr.App. 2002)(evidence was sufficient to support the conviction even
though the State failed to prove the victim=s
name exactly as alleged in the indictment). 
Furthermore, the variance in the officer=s
name was not a fatal variance and did not surprise or prejudice appellant.  See Moore v. State, 11 S.W.3d 495,
499-500 (Tex.App. - Houston [14th Dist.] 2000, no pet=n);
Dittoe v. State, 935 S.W.2d 164, 165 (Tex.App. - Eastland 1996, no pet=n). 
The trial court did not abuse its discretion in revoking appellant=s community supervision.  

Appellant also attacks the revocation by asserting
that it was based upon a conviction that was not final.  We disagree. 
The record clearly shows that the State re-offered the evidence of
appellant=s
delivery of cocaine to Officer Jackson and that the State did not merely rely
upon appellant=s
conviction for that offense as the basis for revoking his community
supervision.  See Barrientez v. State,
500 S.W.2d 474 (Tex.Cr.App.1973)(revocation upheld where it was based upon
proof of the commission of the offense, not merely upon a non-final conviction
for that offense); cf Flores v. State, 102 S.W.3d 336 (Tex.App. -
Eastland 2003, pet=n ref=d)(revocation based solely upon
non-final conviction cannot stand). 
Appellant=s sole
point of error is overruled.  

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

September 23, 2004  

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]On this same day, we have affirmed appellant=s conviction for delivery of cocaine in Woodard v.
State, No. 11-03-00148-CR (Tex.App. - Eastland September 23, 2004)(not
designated for publication).