IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







No. AP-74,660






EX PARTE JOHN BANTON RADFORD








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TAYLOR COUNTY







 Per Curiam.



 This is a subsequent, post-conviction application for a writ of habeas corpus filed
pursuant to Article 11.07 of the Code of Criminal Procedure. In November 1992, the
applicant, John Banton Radford, was convicted of possession of a controlled substance.
Punishment was assessed at twenty years' confinement. The applicant appealed his
conviction and it was affirmed. Radford v. State, No. 11-93-0022-CR (Tex. App. --
Eastland, October 28, 1993, pet. ref'd). The applicant was granted parole in February
1999. 

 The applicant filed an application for a writ of habeas corpus arguing that his
parole was improperly revoked because the new conviction used by the Board of Pardons
and Paroles to justify the revocation was subsequently reversed. The trial court entered
findings of fact and conclusions of law, finding that the applicant's parole was revoked
because of another drug charge, which was subsequently reversed on appeal. However,
we remanded the matter to the trial court for further factual findings as to whether the
Board of Pardons and Paroles revoked the applicant's parole because he received a new
conviction (subsequently reversed on appeal) and whether the Board relied only on this
new conviction, without considering any evidence, to support the revocation. 

 On remand, the trial court made supplemental findings of fact and conclusions of
law: (1) the applicant did not testify at the revocation hearing, (2) he did not admit his
guilt in any revocation hearing, (3) the revocation conviction is pending before this court
under a petition for discretionary review filed by the State, (1) (4) the applicant denied
possession of a controlled substance, and (5) any plea in the underlying conviction was
conditioned on the appeal. The record reflects that the Board of Pardons and Paroles
relied solely on the judgment and the indictment of the conviction, which was reversed on
appeal, without hearing any other evidence. No other evidence was introduced and no
other parole violations were alleged to support the revocation. Therefore, because the
conviction used to support the revocation has been reversed, there is now no evidence to
support the revocation. 

 We have held, in the probation revocation context, that the use of a conviction,
which is on appeal at the time of the revocation, may not be the basis for the revocation.
Prince v. State, 503 S.W.2d 777 (Tex. Cr. App. 1974); Barrientez v. State, 500 S.W.2d
474, 476 (Tex. Cr. App. 1973) (non-final conviction could not be the only basis for
revocation, but State had relied on other evidence). We see no reason to distinguish a
non-final conviction or subsequent reversal of a conviction in the parole context from that
in the probation revocation context. Here, the trial court made a finding that the applicant's guilty plea and conviction was conditioned on the appeal. Because the conviction
was on appeal at the time of the revocation, and no other evidence was relied on to
support the revocation, the revocation was improper.

 Relief is granted. The Texas Department of Criminal Justice, Pardons and Paroles
Division, shall reinstate the applicant's parole for the conviction in cause number 2153-D
in the 350th Judicial District Court of Taylor County.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice
(Institutional Division and Paroles Division), and the Board of Pardons and Paroles.


En banc.

Delivered: November 10, 2004.

Do Not Publish.
1. The petition for discretionary review filed by the State in that appeal (No. 2229-01) has
been refused.