Issued April 3, 2008 














Issued April 3, 2008













 

     

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 

 



NO. 01-07-00049-CR

 

 



ERNEST PLEASANT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 180th District Court

Harris County,
Texas

Trial Court Cause No. 957198

 








 



MEMORANDUM OPINION ON MOTION FOR
REHEARING








Appellant, Ernest
Pleasant, has filed a motion for rehearing, which we DENY.  However, we withdraw our opinion of February
7, 2008, and issue this opinion in its stead. 
Our judgment of February 7, 2008, remains unchanged.

Appellant, Ernest Pleasant, pleaded
nolo contendere to the felony offense of indecency with a child.  Pursuant to Pleasant’s plea agreement with
the State, the trial court deferred adjudication of his guilt and placed
Pleasant on community supervision for five years.  After a hearing on the State’s motion to
adjudicate guilt, the trial court found Pleasant guilty and sentenced him to
six years’ confinement and a fine of $500. 
In his first four issues, Pleasant contends that the State and the trial
court violated the plea bargain agreement. 
Pleasant specifically asserts the defenses of specific performance and
estoppel.  In his last issue, Pleasant
contends that the trial court erred in concluding that he was financially able
to pay the court ordered fines, fees, and court costs.  We dismiss the first four points of error for
lack of jurisdiction.  As to his fifth
issue, we conclude that Pleasant has failed to demonstrate that the trial court
abused its discretion in adjudicating his guilt.  We therefore affirm.  

Background

          Pleasant’s
plea agreement included standard sex-offender conditions of community
supervision, among them, a requirement that he participate in sex offender
treatment and comply with “all program rules, regulations, and guidelines

until successfully discharged or
released.”  On each reporting date,
Pleasant was required to submit written verification of his enrollment,
attendance, and/or successful completion of the program to his community
supervision officer.  Pleasant was also
required to pay $85 each month in fines and fees, and one-time fines and fees
totaling $87.50.                                                                                                                                                                          
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 

          Pleasant
attended sex-offender treatment but did not fully complete the treatment
program because he refused to take responsibility for his actions and admit his
guilt.  His supervision officers, as well
as the treatment directors, explained to Pleasant that in order to successfully
complete the sex offender treatment required as a condition of his probation,
he must admit his guilt.  Because
Pleasant continued to maintain his innocence and refused to admit any wrongdoing,
he was discharged from the treatment program.

In May 2006, the State filed a motion
to adjudicate guilt.  In response to the
motion, the trial court amended the conditions of Pleasant’s community
supervision to include sixty days in the Harris
 County
jail.  After he was released, the trial
court referred Pleasant to a different treatment program.  At the initial interview, Pleasant again
refused to admit his guilt, and the program director discharged him from the
program.

          In
November 2006, the State filed another motion to adjudicate guilt.  In the motion, the State alleged that
Pleasant had violated the conditions of his community supervision in several
ways, including: (1) failure to pay several fines, fees, and costs; (2) failure
to submit to and complete an alcohol/drug evaluation; and (3) failure to
participate in and complete sex offender treatment.

After a hearing on January 2, 2007,
the trial court found true the allegations in the State’s motion and sentenced
Pleasant to six years’ confinement and a $500 fine.

Analysis

A. Violation of Plea Bargain   

In his first four issues, Pleasant
contends that the trial court and the State violated his plea bargain
agreement. He asserts that he pleaded nolo contendere because he understood it
to mean that he was not admitting guilt. 
Because he did not plead guilty, Pleasant contends it is a violation of
his plea to adjudicate his guilt for failure to complete a sex offender
treatment program which requires him to admit to the offense.  He further contends that he should be
entitled to specific performance of his contract with the trial court and that
the trial court and the State should be estopped from sentencing him to prison
because they accepted his plea of no contest while knowing that he would be
required to admit his guilt in order to complete his sex offender treatment
program.  

We conclude that we lack
jurisdiction.  See Ellerbe v. State, 80 S.W.3d 721 (Tex.
App.—Houston
[1st Dist.] 2002, pet. ref’d).  Like the
defendant in Ellerbe, Pleasant’s
argument is “based on a false premise: that his plea of nolo contendere somehow
relieved him of taking responsibility for his actions and of submitting to
sex-offender counseling and participating fully in the treatment program.” Id. at 723.  The legal effect of a plea of nolo contendere
is “the same as that of a plea of guilty . . . .” Tex. Code Crim. Proc. Ann. art. 27.02(5) (Vernon 2006).   As the Ellerbe
court noted, “[a] plea of nolo contedere does not relieve a defendant from
having to admit to the commission of an offense so as to fully participate in a
treatment program as a condition of community supervision.”  Ellerbe,
80 S.W.3d at 723.  

Pleasant argues that his case is
distinguishable from Ellerbe because
the defendant in Ellerbe, in addition
to refusing to admit his guilt, also resisted treatment and failed to
participate fully in the program, whereas Pleasant’s only failure was his
refusal to admit responsibility.  Id. at 722.  However,
the defendant in Ellerbe similarly
contended that a court should not revoke community supervision based on a
failure to admit guilt, and our court rejected the argument.  As in Ellerbe,
Pleasant is essentially left with arguing that his original plea was
involuntary: he “would never have pled no contest” had he known that he would
have to admit his guilt as a condition of community supervision.  Id.
at 723.  This Court may not consider any
complaint concerning the original plea, because such a complaint must be raised
when deferred adjudication community supervision is first imposed.  Id.;
Manuel v. State, 994 S.W.2d 658,
661–62 (Tex. Crim. App. 1999).  

Pleasant’s claims of specific
performance and estoppel fail on the same grounds.  Pleasant received specific performance of his
plea agreement.  The trial court revoked
Pleasant’s community supervision only when Pleasant violated the plea agreement
by failing to complete his required sex offender treatment program.  Pleasant is, therefore, not entitled to
specific performance, when he did not fulfill his duties under the
agreement.  Pleasant further contends
that because the trial court and the State were aware that Pleasant would be
required to admit his guilt despite his plea of no contest, they are estopped
from adjudicating his guilt.  However, as
Ellerbe had already been decided,
Pleasant or Pleasant’s counsel should also have been aware that a no-contest
plea does not relieve him of taking responsibility for his actions, in order to
successfully complete sex offender treatment. 
We therefore dismiss Pleasant’s first four issues for lack of
jurisdiction.

B. Revocation based on failure to pay fines and fees

An adjudication proceeding is neither a criminal
nor a civil trial, but rather an administrative hearing.  Cobb v. State, 851 S.W.2d 871,
873 (Tex.
Crim. App. 1993);
Canseco
v. State, 199 S.W.3d 437, 438 (Tex. App.—Houston
[1st Dist.] 2006, pet. ref’d); Greer v. State, 999 S.W.2d 484, 486
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  “At a revocation hearing, the State must
prove by a preponderance of the evidence that the defendant has violated a
condition of his community supervision.” 
Cobb,
851 S.W.2d at 873; Canseco,
199
S.W.3d at 438; Greer, 999 S.W.2d at 486.  Proof of a single violation is sufficient to
support a revocation.  Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. 1979); Canseco, 199 S.W.3d at 439; Greer, 999 S.W.2d at 486.  A trial court’s judgment should be affirmed
if an appellant does not challenge all of the grounds on which the trial court
revoked community supervision.  See Baxter
v. State, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996),
pet. dism’d, improvidently granted, 960 S.W.2d 82 (Tex. Crim. App. 1998)
(affirming revocation when only one of two grounds was challenged).

Pleasant challenges only the
finding that he was financially able to pay the fines, fees, and costs required
by his plea agreement.  The trial court
found true all the allegations in the State’s motion to adjudicate guilt, in
which the State also alleged that Pleasant failed to participate in and
complete alcohol and drug treatment, as well as sex offender treatment.  He does not challenge these rulings on
appeal.

The record contains sufficient
evidence to support a revocation.  At the
hearing, Pleasant admitted that he had not completed sex offender
treatment.  In addition, the treatment
directors testified that they had discharged Pleasant early from the program
for his failure to admit guilt.  Because
any single unchallenged ground will support revocation, we hold that Pleasant has
failed to show that the trial court abused its discretion in revoking his
community supervision.  See Moses, 590 S.W.2d at 470; Canseco,
199
S.W.3d at 439; Greer, 999 S.W.2d at 486;
Baxter, 936 S.W.2d at 472.

Conclusion

          We
dismiss Pleasant’s first four issues for lack of jurisdiction.  We hold that the trial court did not abuse
its discretion in revoking Pleasant’s community supervision and therefore
affirm the judgment.

 

 

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  Tex.
R. App. P. 47.4.