Opinion issued July 14, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00634-CR 

———————————

Lanekia Chante Eckles, Appellant

V.

The State of
TEXAS, Appellee



 



 

On Appeal from the 262nd District Court  

Harris County, Texas



Trial Court Case No. 1185654

 



 

MEMORANDUM OPINION

          Lanekia
Chante Eckles pleaded no contest to the offense of indecent exposure.  See Tex.
Penal Code Ann. § 21.08(a) (West 2011).  Pursuant to Eckles’s plea agreement with the
State, the trial court deferred adjudication of her guilt and placed her on
community supervision for one year.  The
State filed a motion to revoke, alleging that Eckles violated conditions of her
community supervision.  The trial court
granted the motion, revoked her community supervision, and assessed her
punishment at ninety days’ confinement. 
On appeal, Eckles maintains that the trial court abused its discretion
in revoking her community supervision. We affirm.  

Background

          The State indicted Eckles for aggravated sexual assault of
a child.  As part of a plea agreement,
the State reduced the charged offense to indecent exposure, and Eckles pleaded
no contest to that offense.  She signed
written admonishments acknowledging that she understood the consequences of her
plea and certifying that she was mentally competent.  Pursuant to the plea agreement, the trial
court deferred adjudication of guilt and placed Eckles on community supervision
for one year.  The conditions of Eckles’s
community supervision included a requirement that she attend sexual offender
treatment and be successfully discharged from the treatment.  The relevant condition reads:

Participate in Sex Offender Evaluation and
attend treatment and aftercare as recommended or as designated by the Court
beginning immediately upon referral.  Attend treatment and aftercare with a State
of Texas registered Sex Offender Provider as recommended.  Comply with all program rules, regulations[,]
and guidelines until successfully discharged or released by further order of
the Court.   

 

The State filed a motion to
revoke community supervision after Eckles was discharged unsuccessfully from sex
offender treatment.  The motion to revoke
states in part:

The
State would further show the said Defendant did then and there, violate terms
and conditions of Community Supervision by: Failing to comply with al[l]
program rules, regulations and guidelines until successfully discharged or
released by further order of the Court. 
The defendant was unsuccessfully discharged from sex offender treatment
on June 1, 2010.

 

Eckles pleaded not true to the State’s
allegation that she had been discharged because she failed to comply with the
rules, regulations, and guidelines of the treatment program.  

Dr. Karen Gallaher was Eckles’s
treatment provider.  Dr. Gallaher
testified it is important for each sex offender to take responsibility for what
she has done so that she can be rehabilitated and avoid recidivism.  During the course of her treatment, Eckles continually
denied that she committed any offense. 
Dr. Gallaher testified that even if a patient, like Eckles, is unwilling
to admit to her conduct, she attempts to work with the patient on other topics.  For example, according to Dr. Gallaher, all
people make cognitive distortions or “thinking errors” that lead to inappropriate
behavior.  Dr. Gallaher asked Eckles to
identify any “thinking errors” she had outside of a sexual context.  Eckles refused to identify any of her
“thinking errors.”  Eckles’s refusal
indicated to Dr. Gallaher her resistance to treatment.  Dr. Gallaher added that Eckles failed to
complete any homework assignments except for one.  Dr. Gallaher asked Eckles to complete a life
story, and Eckles completed only one portion of her life story.     

Eckles also failed to actively
participate in group therapy.  According
to Dr. Gallaher, group therapy is an important aspect of treatment.  Eckles provided little, if any, feedback
during the group therapy sessions.  She
did not speak up or participate.  At one
point, Dr. Gallaher told Eckles that it was necessary for her to increase her
participation in the group sessions to be successful.  Dr. Gallaher testified that she did not
discharge Eckles because of her denial of the offense.  She discharged Eckles because of her overall
lack of participation in the treatment program, particularly her failure to
complete assignments and failure to participate in group therapy.  She testified that even if Eckles continued
to deny the offense, she would have allowed Eckles to continue in the treatment
so long as she actively participated. 
Dr. Gallaher admitted that Eckles attended every treatment session and
is a shy person.  Two family friends of
Eckles also testified at the hearing that she is a shy person.   

Eckles testified that Dr. Gallaher
wanted her to admit to guilt to the offense, and she became upset when Eckles
refused.  According to Eckles, Dr.
Gallaher terminated her treatment because she would not admit that she was
guilty of the offense.  Eckles said that
she completed all homework assignments. 
She admitted that she would not interact during the group therapy
sessions.  She said that she understood
the conditions of her community supervision, including the requirement to participate
in counseling.  After hearing the
evidence, the trial court found that the allegation in the State’s motion to
revoke was true. The trial court then found Eckles guilty of indecent exposure,
revoked her probation, and sentenced her to ninety days’ confinement in jail.  Eckles timely filed notice of appeal, and on
appeal argues that the trial court abused its discretion in granting the
State’s motion to revoke community supervision.     

Discussion

Standard of Review

We review a trial court's order
revoking community supervision under an abuse-of-discretion standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006).  The trial court abuses its
discretion in issuing the order to revoke if the State fails to meet its burden
of proof.  Greathouse v. State, 33 S.W.3d 455, 458 (Tex.
App.—Houston [1st Dist.] 2000, pet ref’d). 
We examine the evidence in the light most favorable to the trial court’s
order.  Id.  The trial judge is the sole trier of the
facts and determines the credibility of the witnesses and the weight to be
given to their testimony.  Taylor v.
State, 604 S.W.2d 175, 179
(Tex. Crim. App. 1980); Amado v. State, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d).

In a community supervision revocation
hearing, the State must prove by a preponderance of the evidence that the
probationer violated the terms and conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Smith v. State, 790 S.W.2d 366, 367 (Tex.
App.—Houston [1st Dist.] 1990, pet. ref’d). 
This standard is met when the greater weight of the credible evidence
creates a reasonable belief that the defendant violated a condition of his
community supervision.  Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim.
App. 1983); Akbar v. State,
190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  When several violations are found by the
trial court, we will affirm the order revoking community supervision if the
State proved any violation by a preponderance of the evidence.  Sanchez v. State, 603 S.W.2d 869, 870–71 (Tex. Crim.
App. 1980); Akbar, 190
S.W.3d at 123.

Analysis 

Here, as a condition of her community
supervision, Eckles had to comply with all rules, regulations, and
guidelines of her sex offender treatment and be successfully discharged from
the treatment.  Eckles claims that she
completed all assignments and that Dr. Gallaher terminated her simply because
she would not admit she was guilty of the offense.  She maintains that the order of deferred
adjudication is void because to successfully complete sex offender treatment
she was required to admit guilt to aggravated sexual assault of a child, an
offense with which she was no longer charged. 
Similarly, she contends that the trial court violated her Fifth
Amendment right against self-incrimination by requiring her to admit that she
committed aggravated sexual assault of child.[1]    

Dr.
Gallaher testified, however, that she did not discharge Eckles because of her
denial of the offense.  She stated that
even if Eckles continued to deny the offense, she would have allowed Eckles to
continue in the treatment so long as she actively participated.  Eckles was unsuccessfully discharged because
she failed to actively participate. 
Eckles failed to complete all homework assignments except one and
refused to participate in the “thinking errors” exercise.  She also did not participate during group
therapy sessions.  She provided little,
if any, feedback and did not speak up. 
Even after Dr. Gallaher warned her that she needed to increase her
participation in the sessions to be successful, Eckles still did not actively
participate.  Eckles’s behavior indicated
that she was resistant to treatment.[2]  Eckles testified that Dr. Gallaher terminated
her because she would not admit guilt. 
Since the trial court is the sole trier of the facts and determines the credibility
of the witnesses, it was free to resolve any conflicts between Dr. Gallaher’s
testimony and Eckles’s testimony.  See Taylor, 604 S.W.2d at 179; Amado, 983 S.W.2d at 332.  The evidence, viewed in a light most
favorable to the revocation decision, supports the trial court’s finding that
Eckles violated a condition of her community service by failing to comply with
all rules, regulations, and guidelines of her sex offender treatment, resulting
in her unsuccessful discharge from treatment. 
See Sanchez, 603 S.W.2d at 870–77; Akbar, 190 S.W.3d at 123.  We, therefore, hold that the trial court did
not abuse its discretion or violate Eckles’s Fifth Amendment rights in revoking
her community supervision.     

Conclusion

          We
affirm the judgment of the trial court. 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).

 











[1]
          In response to Eckles’s argument, the State
relies upon Ellerbe v. State.  See 80
S.W.3d 721, 722 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d).  There, Ellerbe
pleaded no contest to aggravated sexual assault of a child.  Id.  Pursuant to a plea agreement, the trial
court deferred adjudication of Ellerbe’s guilt and placed him on community supervision.  Id.  The trial court ordered Ellerbe to attend
and participate in a sex offender treatment program.  Id.  Ellerbe’s treatment program required him
to admit that he committed a sexual assault. 
Id.  Ellerbe denied guilt of the offense and
was therefore unsuccessfully discharged. 
Id.  The trial court then adjudicated him
guilty.  Id.  This court held that a
plea of no contest does not relieve a defendant from having to admit to the
commission of an offense as to fully participate in a treatment program as a
condition of community supervision. Id. at
723.  Ellerbe,
however, is inapplicable here because Dr. Gallaher asked Eckles to admit to a
sexual assault of a child.  Eckles
pleaded guilty to indecent exposure, not to sexual assault.    





[2]
          In
a case similar to Eckles’s situation, the defendant claimed his probation was
revoked without reason and the revocation was a violation of his due-process
rights.  Pickett v. State, No.
05-98-01174-CR, 1999 WL 793397, at *1 (Tex. App.—Dallas Oct. 6, 1999, no pet.)
(not designated for publication). The State alleged the defendant was
unsuccessfully discharged from two sex-offender-treatment programs, which
violated a condition of his probation.  Id.
 The defendant stated he attended the
program, paid all the fees, and abided by all the rules, but the court noted
the defendant refused to take responsibility for his offense and he continued
to maintain his innocence.  Id.  In the second program, the defendant did not actively
participate in the program by failing to present his sexual history, minimizing
his offense, and refusing to present a relapse plan to his group.  Id.  The court concluded the probation conditions
not only required the defendant to attend the sessions, but the defendant
needed to abide by treatment directives and continue his treatment.  Id. at *2.  Because the defendant failed to complete this
condition, the court held the State successfully demonstrated the defendant
violated his probation.  Id.