Mark E. STESSNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 62379.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 30, 1980.

Larry J. Adams, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. On August 22, 1978, following a plea of nolo contendere to a charge of burglary of a building, appellant was assessed a punishment of five years' imprisonment. Imposition of sentence was suspended and appellant was placed on probation for five years.

Some two months later, on November 14, 1978, a motion to revoke probation was filed alleging that appellant had violated the terms and conditions of his probation by committing the offense of credit card abuse on or about November 7, 1978. On the same date that this motion was filed, the Honorable George Hamilton, Judge of the 94th District Court in Nueces County, who had granted appellant probation for the underlying offense of burglary, signed an order denominated Order for Arrest and Detention of Defendant on Motion to Revoke Probation.

In his first ground of error, appellant would have us believe that this order was actually one revoking his probation. So that the full import of this assertion may be appreciated, the complained-of order is, in pertinent part, set forth below:

"On this date, November 13, 1978, it has been brought to the Court's attention by Motion to Revoke filed by the District Attorney that the Defendant, Mark E. Stessney, has violated the conditions of his probation in this cause as set out in said motion.

"Pursuant to Section 8(a) of Article 42.12 of the Texas Code of Criminal Procedure, the Court hereby orders that a warrant for the arrest of the Defendant be immediately issued by the Clerk of the Court and that the Defendant be arrested and detained in the County Jail or other appropriate place of detention until he can be brought before the Court for a hearing on said motion to determine whether his probation should be continued or revoked.

"Signed on this date: November 14, 1978.

/s/ George Hamilton
JUDGE PRESIDING"

Of this order, the appellant states in his first ground of error, "[T]he trial court erred in revoking the appellant's probation based upon a denial of due process in the failure to afford appellant a full and impartial hearing prior to the judicial determination and order that appellant had violated the condition of his probation as set forth in the State's motion to revoke." Our review of the record indicates that the order was signed by Judge Hamilton on December 14, 1978, the same day the State filed its motion to revoke appellant's probation. An amended motion to revoke was also filed on that day. A hearing on the amended motion was set for December 19, 1978. It was continued on motion of the State because of a missing witness. Appellant was released on a personal bond at this time. On January 2, 1979, the State filed a second amended motion to revoke probation, alleging three counts of credit card abuse. Finally, on February 8, 1979, a hearing on the State's motion was held at which time the

court, having heard evidence, revoked appellant's probation.

It appears to be appellant's contention that the above-cited Order for arrest and Detention of Defendant on Motion to revoke Probation actually constituted an order revoking appellant's probation "prior to any impartial and factual hearing." (Appellant's brief). "In sum total," he says, "appellant would urge that the trial court in its order has not met these burdens and requirements by making what clearly is a judicial determination that the defendant had violated the condition of his probation and ordered his ultimate arrest and detention." Precisely how appellant views the actual hearing on the State's motion to revoke probation is unclear. He does, however, favor us with the following analysis of its significance. "While the appellant does not deny the fact that an evidentiary hearing was finally afforded to him on February 8, 1978, (sic) appellant would contend that this hearing does not cure the defects of the trial court's order hereinabove discussed."

We are at a loss how to characterize appellant's ground of error in the light of the clear showing in the record that appellant was accorded a full and fair hearing on the State's motion to revoke probation. We are of the view that it requires a prodigious leap of logic to conclude that this order represents a determination by the court to revoke appellant's probation without a hearing. This ground of error is totally without merit and is, accordingly, overruled.

■ In his second ground of error, appellant states, "The trial court erred in revoking the appellant's probation based upon a denial of due process in the failure to afford appellant a full and impartial hearing prior to the denial of appellant's motion to reduce sentence upon revocation of probation." The motion of which appellant speaks was filed February 8, 1979 at the conclusion of the hearing on the State's motion to revoke

probation, the court having already found that appellant had violated the conditions of his probation. The record reflects the following dialogue:

"MR. ADAMS (Appellant's Counsel): . . . I do want at this time to file a motion to reduce sentence upon revocation of probation.

"COURT: All right, you may file it, and I'll deny it."

Appellant's motion contained no argument in support of his request that the sentence should be reduced. Appellant had been found to have violated the terms of his probation not even two months after it had been granted. Under these circumstances, appellant can hardly be heard to seriously contend that it was an abuse of discretion to overrule his motion without further testimony. This ground of error is overruled.

■ Finally, appellant asserts that the trial court abused his discretion in permitting a trial amendment to the motion to revoke probation at the close of the evidence. The requested amendment substituted Lilian Constantino for Tony Constantino (the Constantinos jointly operated a gasoline service station) as the name of the party to whom appellant was alleged to have passed a stolen credit card.

Appellant objected to the filing of this trial amendment on the ground that it was not timely filed. He also alleged surprise. The record seems to belie appellant's claim of surprise since there is some showing that he appeared at the hearing with a Motion to Dismiss the State's Motion to Revoke Probation already "typed and prepared in advance." Be that as it may, it is clear that the careful trial judge offered him a continuance so that he might have an opportunity to meet the amended allegation. The trial court's action was in conformity with the law relative to trial amendments in revocation proceedings as it existed at the time of this hearing. See *Franks v. State,* 516 S.W.2d 185 (Tex.Cr.App.1974).[1]

1. Article 42.12, Sec. 8(a), V.A.C.C.P., has been amended by Acts 66th Legislature, Chapter 139, p. 265 (effective August 27, 1979) so that trial amendments in revocation proceedings are no longer permitted.

Appellant refused, with some vehemence, the trial court's offer of a continuance. Accordingly, appellant's complaint, on appeal, that the trial court abused his discretion in permitting the State to file a trial amendment, is not well taken. Appellant's last ground of error is overruled.

No error appears. The judgment of the trial court is affirmed.