Alfredo C. MARTINEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–235–CR.
(2245cr).

Court of Appeals of Texas,
Corpus Christi.

May 6, 1982.

---

Robert Garza, Brownsville, for appellant.

Gilberto A. Garcia, Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from an order revoking probation. The primary question before us is whether amending the motion to revoke probation after the commencement of the evidence is reversible error. We affirm.

The facts are not in dispute. On April 7, 1978, appellant pled guilty to an indictment charging him with burglary of a vehicle. On May 3, 1978, the court deferred further proceedings without an adjudication of guilt and placed appellant on probation for two years subject to certain conditions, one of which was that he commit no offense against the laws of this State or any other State or of the United States.

On December 14, 1978, the State filed a motion for adjudication of guilt alleging that appellant "has violated the terms of his probation in this, to wit:

On or about the 25th day of November 1978, in the County of Cameron, State of Texas, Alfredo Martinez did then and there unlawfully appear in a public place while under the influence of alcohol to the degree that he did endanger himself."

A second count alleged that:

"On or about the 25th day of November 1978, in the County of Cameron, State of Texas, Alfredo Martinez did then and there unlawfully, knowingly and intentionally possess a usable quantity of marijuana of less than two ounces."

On February 15, 1979, appellant pled true to these allegations and the court adjudicated appellant guilty of burglary of a vehicle and sentenced him to three years, probated for three years subject to the same conditions.

On May 16, 1980, the State filed a motion seeking to revoke appellant's probation,[1] alleging that appellant had "violated the terms of his probation in this, to wit:

On or about the 8th day of April 1980, in Cameron County, Texas, defendant, Alfredo Martinez, did then and there unlawfully, while in the course of committing theft, and with the intent to obtain and maintain control of property belonging to Don Keener, the owner thereof, namely United States currency, without the effective consent of said owner and with the intent to deprive the said owner of said property, did then and there exhibit a deadly weapon, namely a "handgun," and did then and there intentionally and knowingly threaten and place the said Don Keener, the owner of said property in fear of imminent bodily injury and death."

A second count alleged that:

"On or about the 8th day of August 1979, defendant Alfredo Martinez, did then and there in Cameron County, Texas, unlawfully, intentionally and knowingly appropriate property, to wit: two perfumes, of the value of less than $5.00, without the effective consent of the owner, Hal Helmstetler, and with intent to deprive the said owner of said property."

No hearing was held on this motion until after appellant was tried on the aggravated robbery indictment. On September 8, 1980, a jury found appellant guilty of the April 8, 1980 aggravated robbery. Appellant was sentenced to serve seven years.[2] The State thereafter on September 18, 1980, filed another motion to revoke appellant's probation on the burglary of the vehicle case making the same allegations that it did on

1. The motion was erroneously styled "State's Motion for Adjudication of Guilt."

2. This conviction was appealed to our Court (Cause No. 13–81–050–CR). We reversed and

the May 16, 1980 motion. This motion was heard on January 22, 1981, by the same trial judge who presided at the aggravated robbery trial on the motion to revoke. Appellant was represented by the same attorney who represented him in the aggravated robbery trial.

Before commencing the hearing, the judge inquired whether the defendant had been served with a copy of the State's motion to revoke probation and whether appellant understood the allegations. Appellant advised the court that he did. Then the following colloquy occurred:

"THE COURT: I'll ask you at this time what your plea is to the allegations contained in the State's motion to revoke your probation?

MR. CANTU (D.A.): It is my understanding, Your Honor, that except for the first paragraph, everything else is the same, that he is the same man and everything else. But except for the first paragraph in the allegation.

MR. GARZA (Defense Attorney): And the second paragraph?

MR. CANTU: Well, I don't know. I thought you said that this was the only thing he was to plead true to?

MR. GARZA: We'll plead not true, Your Honor.

THE COURT: All right. The State may call its first witness."

Thereafter, the State called an Adult Probation Officer who identified appellant and testified that he had explained the conditions of probation to appellant.

The State next called Don Keener, the manager of the grocery store that was robbed on April 8, 1980. Before proceeding with the questioning, the State filed an oral motion to amend, by interlineation, the State's motion to revoke probation to allege that appellant had committed the aggravated robbery by using a "shotgun" instead of a "handgun" as alleged in the motion.

remanded the case for a new trial based on an error in the jury's instructions. This case is presently pending in the Court of Criminal Appeals on a Petition for Discretionary Review.

"THE COURT: All right. The court is inclined to allow the amendment, unless the defense complains of surprise or need of time or something of that nature.

MR. GARZA: Judge, I'm going to object to the amendment as such, under 42.12 8(a) and cite that specific statute for the record. I also object to it as being a surprise to the fact that it's presented now, at this time, which is a complete change. I was prepared under the allegation of a handgun. I think the shotgun is a surprise as far as the defendant is concerned. And for reason, I would object.

THE COURT: All right. Do you need some time to prepare for the surprise?

MR. GARZA: Judge, I would probably need a day or two to prepare for it.

THE COURT: Mr. Garza, don't be frivolous with the court. You tried this case.

MR. GARZA: Yes, sir, I know.

THE COURT: And a shotgun was used in the trial of the case; is that right?

MR. GARZA: That's correct.

THE COURT: Or alleged.

MR. GARZA: Alleged; yes, sir.

THE COURT: What kind of surprise do you need to prepare for?

MR. GARZA: Judge, the motion itself is specific as to what its allegations are.

THE COURT: Yes.

MR. GARZA: And based on those allegations, I prepared my defense for it.

THE COURT: Yes.

MR. GARZA: And that is my objection.

THE COURT: Your defense is only that they couldn't prove that it was a handgun, right?

MR. GARZA: That, and some other defenses, Your Honor."

The hearing continued.[3] Keener identified appellant and said that on April 8, 1980, appellant and a companion entered his store. Appellant pointed a "shotgun" at him and appellant and his companion demanded and took the money.

At the conclusion of the hearing, the court said:

"THE COURT: All right. The court finds that the testimony and the evidence adduced in the trial on the motion to revoke shows by a preponderance of the evidence that the defendant/probationer Alfredo Martinez did, as alleged in the State's allegations in the petition to revoke, that the probationer did, on or about the eighth day of April, 1980, in Cameron County, Texas, unlawfully, while in the course of committing theft and with the intent to obtain and maintain control of property belonging to Don Keener, the owner thereof, namely United States currency, without the effective consent of said owner and with the intent to deprive the said owner of said property, did then and there exhibit a deadly weapon, namely a shotgun—the court allowing "shotgun" to be amended into the State's petition and allegation in place of handgun—and did then and there, intentionally and knowingly threaten and place the said Don Keener, the owner of said property, in fear of imminent bodily injury and death. And by reason of the evidence offered and the court's finding, the court does here and now order that the probation of Alfredo Martinez be revoked in this cause. Now, I'll hear from either side on anything else."[4]

The court then sentenced appellant to three years to serve, and ordered the sentence to run concurrent with the seven years imposed on the aggravated robbery conviction.

Appellant on two grounds of error contends (1) that the court committed error in allowing the State to amend its motion to revoke after the presentation of the State's witness and (2) that the court committed error in considering appellant's conviction which was then on appeal as a basis for revoking appellant's probation.

3. Appellant apparently abandoned his request for a continuance. On appeal, no complaint is made about the lack of a continuance.

4. Though the court from the bench stated that appellant exhibited a "shotgun," the written order says that appellant exhibited a "handgun."

Article 42.12 § 8(a) of the Texas Code of Criminal Procedure (Vernon Supp. 1981) in pertinent part provides:[5]

"... the State may amend the Motion to Revoke Probation anytime up to seven (7) days before the date of the revocation hearing, after which time the Motion may not be amended except for good cause shown, and in no event may the State amend the Motion after the commencement of taking evidence at the hearing. The court may continue the hearing for good cause shown by either the defendant or the State."

■■■ Proceedings to revoke probation are not a criminal trial in the constitutional sense. *Campbell v. State*, 456 S.W.2d 918, 921 (Tex.Cr.App.1970). They are administrative in nature, a means of protecting society and rehabilitating law breakers. *Hill v. State*, 480 S.W.2d 200 (Tex.Cr.App. 1972). The State must prove the allegations in the motion to revoke probation by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974). The pleadings of the motion to revoke probation need not strictly comply with the requirements of an indictment. *Fowler v. State*, 509 S.W.2d 871 (Tex.Cr.App.1974). The only question presented in an appeal from an order revoking probation is whether the trial court abused its discretion in revoking probation. *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App.1978). Further, the relationship between the probationer and the court is said to be contractual in nature. *Espinoza v. State*, 486 S.W.2d 315 (Tex.Cr.App.1972).

■■■ Minimum due process under the Fourteenth Amendment must be afforded a probationer in a revocation hearing. The due process rights accorded a parolee at a revocation hearing (*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)) are applicable to probation revocation hearings. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Ruedas v. State*, 586 S.W.2d 520 (Tex.Cr.App.1979). These include:

(a) Written notice of the alleged violations;

(b) Disclosure to probationer of evidence against him;

(c) Opportunity to be heard in person and to present evidence;

(d) The right of confrontation and cross-examination;

(e) A "neutral and detached" judge;[6]

(f) A written statement by the judge as to the evidence relied on and reasons for revoking probation; and

(g) Right to counsel.[7]

■■■ In the case at bar, these rights were granted to appellant. Appellant understood what was expected of him. He also understood that the motion to revoke probation alleged that he had violated the conditions of his probation by committing an aggravated robbery. While it was error for the court to allow the amendment after the commencement of the evidence, the error was harmless. Specifically, the record shows that the amendment did not render appellant unprepared because of lack of notice to defend the transaction alleged in the amended motion. Therefore, no injury or harm to appellant's substantive legal rights is shown by the amendment. Pursuant to Tex.Code Crim.Pro.Ann. art. 44.24(b) (Vernon Supp. 1981), the order revoking appellant's probation and sentence is reformed to state that appellant's probation was revoked upon a finding that he committed the offense of aggravated robbery on April 8, 1980, and in the process he exhibited a shotgun. Appellant's first ground of error is overruled.

---

5. This article was amended in 1977. The amendment became effective August 27, 1977. Prior to this change, trial amendments to the motion to revoke probation were proper even at the close of the evidence. *Stessney v. State*, 593 S.W.2d 699 (Tex.Cr.App.1980).

6. There is no right to a jury trial in a revocation hearing. *Hood v. State*, 458 S.W.2d 662 (Tex. Cr.App.1970).

7. This right includes the right to make a closing argument. *Ruedas v. State*, supra.

In his second ground of error, appellant alleges that the trial court committed error because it based its determination in revoking defendant's probation on his conviction which was on appeal. This contention is without merit. The allegations in the motion to revoke probation clearly state that basis for the revocation were that appellant on or about April 8, 1980, *committed* aggravated robbery rather than a *conviction* for aggravated robbery. Appellant's second ground of error is overruled. *Hilton v. State*, 443 S.W.2d 844 (Tex.Cr.App.1969).

No evidence was offered to prove the second count of the State's motion to revoke probation. It was error for the court to include this in its order as a basis for revoking appellant's probation. The judgment is reformed to show a dismissal of the second ground of the State's motion to revoke probation.

The judgment is reformed and as reformed is affirmed.