**Opinion issued September 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01039-CR, 01-13-01040-CR, 01-13-01041-CR

———————————

## CHAD ANTHONY BROWN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 405th Judicial District Court
### Galveston County, Texas
### Trial Court Case Nos. 09CR3398, 09CR3399, & 09CR3400

---

## MEMORANDUM OPINION

Chad Anthony Brown was adjudicated guilty of three offenses of aggravated sexual assault of a child and sentenced to 99 years' confinement. On appeal, Brown contends that the trial court committed error in permitting the State to amend its motion to adjudicate guilt seven days before the adjudication hearing.

He further contends that his sentence constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution and the Texas Constitution. Finding no error, we affirm.

## Background

In 2011, Brown pleaded guilty to three counts of aggravated sexual assault of a child, a felony of the first degree. *See* TEX. PENAL CODE ANN. §§ 22.021(a)-(c), (e) (West 2012). The trial court deferred adjudication of his guilt and placed him on 8 years' community supervision for each offense.

In April 2013, the State filed motions to adjudicate his guilt, alleging that Brown had violated 10 identical conditions of his community supervision in each case and 3 additional conditions in 1 case.[1] In its motion, the State alleged, among other things, that "[o]n April 6, 2013, [Brown] traveled to Vidor, Texas without permission," "[o]n April 6, 2013, [Brown] was residing in a household with a minor child without permission," "[o]n April 6, 2013, [Brown] had contact with a minor child without approved chaperon[e]," and Brown failed to submit to clinical polygraphs as required by the terms of his release. The State also alleged that Brown failed to pay a variety of fees and costs assessed against him, possessed a smartphone capable of accessing the internet without permission, and married his

---

[1] All three motions alleged violations of terms 7, 9, 13, 16A, 17A, 36, 51, 53, 56, and 57, which were identical in each case. In Cause 09CR3398, the State alleged three additional violations, related to non-payment of supervision fees (term 12), restitution (term 15), and reimbursement for court-appointed counsel (term 16).

2

girlfriend, Katy Tucker, without notifying his supervision officer of the change in his marital status within 48 hours.

On October 2, 2013, the State filed amendments to its motions. The amendment replaced each instance of "on April 6, 2013" in the original motion with "on or about April 6, 2013," and abandoned the allegation regarding the failure to submit to clinical polygraph tests.

On October 9, 2013, the trial court held a hearing on the State's motions. At the hearing, Brown pleaded "not true" to all of the State's allegations. Brown's counsel objected to proceeding on the amended motions, arguing that he did not receive service of the motions until October 7, but "[t]he law requires seven days prior to [the] hearing." The State conceded that it did not serve the motions until October 7, but it argued—without contradiction—that it gave Brown's counsel notice of the specific modifications in the amended motions on October 2. The trial court ruled that the changes were not substantive and that they did not violate Brown's due process rights; it proceeded with the hearing on the amended motions.

Brown testified on direct examination at the hearing that the "allegation that [he] traveled to Vidor, Texas, in April of 2013" was "a true allegation" and that he traveled to Vidor and back to assist Tucker with a disabled vehicle. That Brown had traveled to Vidor while on probation was corroborated by Tucker's minor daughter; by Tucker's mother; by Brown's former community supervision

3

correction officer, Vanessa Rosemon; and by Dianne Rayborn, who has temporary custody of Tucker's minor daughter.  Brown also testified that he met Tucker's minor daughter while in Vidor, that he had lied to his probation officer regarding both the travel and his contact with a minor, and that he knew that his contact with Tucker's daughter was a violation of his probation.

Rosemon also testified that Brown had a Facebook page, which she viewed on Brown's smartphone, in violation of terms of his probation forbidding him from possessing or using any electronic device with access to any "on-line computer service," including "any Internet service provider."  Brown admitted to having a Facebook page and a cell phone.

Rosemon further testified, without contradiction, that Brown was in arrears with respect to court costs, a Crime Stoppers fee, and fees to the State's Sexual Assault Program Fund required by terms 13, 16A, and 17A, respectively, of his probation in each case.

At the end of the hearing, the trial court found all of the State's allegations to be true, with the exception of the allegation that Brown had married Tucker and failed to report his marital status.  The trial court then adjudicated Brown guilty of all three charges and sentenced him to 99 years' confinement for each offense, with the sentences to run concurrently.  *See* TEX. PENAL CODE ANN. § 12.32(a) (setting sentence for first degree felony at life imprisonment or any term of not

more than 99 years or less than 5 years).  Brown did not object to the trial court's findings or sentence, either during the hearing or at any other time.

### Amendment of Motion to Adjudicate Guilt and Revoke Community Supervision

Brown argues that the trial court erred in permitting the State to proceed on its amended motions to adjudicate Brown's guilt.

### A.     Standard of Review

Our review on appeal is "limited to abuse of the trial court's discretion." *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). "If a single ground for revocation [of community supervision] is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown." *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.).  Thus, one sufficient and unchallenged violation will support the trial court's order on appeal, and an appellate court need not address challenges to other grounds for revocation. *Sanchez*, 603 S.W.2d at 871; *Lively*, 338 S.W.3d at 143; *Burns*, 835 S.W.2d at 735.

An untimely motion to amend a motion to revoke community supervision is a statutory violation and thus subject to a harm analysis, under which any "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."  TEX. R. APP. P. 44.2(b); *Lopez v. State*, 318 S.W.3d 910, 916–17 (Tex. App.—Corpus Christi 2010, no pet.) (untimely motion to amend motion to

5

revoke community supervision is statutory violation, thus subject to Rule 44.2(b) harm analysis); *see also Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999). In evaluating whether a defendant was harmed under Rule 44.2(b), we look to the record as a whole to determine whether the defendant's "substantial rights" were affected. *Davison v. State*, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013).

## B.    Analysis

Brown's argument relies on former Section 8 of Article 42.12 of the Texas Code of Criminal Procedure, which was repealed before Brown's adjudication hearing and provided, in relevant part, "In a felony case, the state may amend the motion to revoke probation any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing." Act of May 5, 1989, 71st Leg., R.S., ch. 191, § 1, 1989 Tex. Gen. Laws 840, 840–41, *repealed by* Act of May 21, 2013, 83d Leg., R.S., ch. 1406, § 2, 2013 Tex. Sess. Law Serv. 3731, 3731 (West) (effective Sept. 1, 2013); *see also Martinez v. State*, 635 S.W.2d 762, 766 (Tex. App.—Corpus Christi 1982, no pet.) (quoting prior version of statute). Because the legislature has repealed this statute with an effective date before the State's amendments and before the adjudication hearing, it has no relevance to Brown's

case, and Brown's reliance on this statute is misplaced. But Section 21(b-2) of Article 42.12, which is still in effect, applies the same limitations to motions to revoke community supervision, and the State's motions sought both adjudication of guilt and revocation of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b-2) (West 2012). The State concedes that Section 21(b-2) imposed an obligation on the State to file and serve notice of its amended motion at least seven days before the hearing.

Brown argues that due process requirements apply to proceedings to revoke community supervision and that he was therefore entitled to "adequate notice" of the allegations against him, not merely that a proceeding had been filed. *See Gagnon v. Scarpelli*, 93 S. Ct. 1756, 1759–60 (1973); *Bradley v. State*, 564 S.W.2d 727, 729–30 (Tex. Crim. App. 1978). He thus argues that, although the amendments were filed seven days before the hearing, he did not have "adequate notice" of the amended allegations and therefore was deprived of due process.

Brown does not dispute that his counsel received notice of the substance of the amendments seven days before the hearing. Instead, Brown argues that the use of the words "on or about April 6, 2013" instead of "on April 6, 2013" in connection with allegations 7, 51, and 53 in each amended motion so expanded the timeframe involved as to deprive him of an opportunity to prepare his defense. As

support, Brown cites *Chreene v. State*, 691 S.W.2d 748 (Tex. App.—Texarkana 1985, pet. ref'd), in which our sister court observed,

> When an "on or about" date is alleged as the date of the commission of the offense the State is not bound by the date alleged, and proof that the offense was committed any time prior to the return of the charging instrument that is within the period of limitation is sufficient.

*Id.* at 750 (citing *Ex parte Hyett*, 610 S.W.2d 787, 789 (Tex. Crim. App. 1981)). Neither *Chreene* nor *Ex parte Hyett*, cited therein, addressed a due process claim.

We need not determine whether Brown's arguments regarding the "on or about" language have merit, because any error in allowing the amendment was harmless. Brown admitted that two of the amended allegations—that he traveled to Vidor and had contact with a minor child—were true. The evidence at trial further established that Brown had a smartphone capable of accessing the internet and that he in fact used it for that purpose in loading his Facebook page, supporting allegation 57. Uncontradicted evidence established the truth of each of the allegations related to supervision fees, costs of court, restitution, reimbursement for the cost of appointed counsel, Crime Stoppers payments, and Sexual Assault Program Fund payments, allegations numbers 12, 13, 15, 16, 16A, and 17A, respectively. None of these latter allegations was affected by the State's amendments to the date of the other violations to include "or about". Each was a sufficient ground upon which the trial court could have revoked Brown's community supervision and adjudicated guilt.

The State proved at least seven allegations of violations of the terms of his community supervision unaffected by the amendments. Because the record establishes the truth of at least one allegation supporting revocation of Brown's community supervision independent of the State's amendments, we cannot say that the trial court abused its discretion in revoking supervision, even with the untimely amendments. *Sanchez*, 603 S.W.2d at 871; *Lively*, 338 S.W.3d at 143; *Burns*, 835 S.W.2d at 735. Accordingly, we overrule Brown's first argument.

### Cruel and Unusual Punishment

Brown next argues that his sentence violates the prohibitions on cruel and unusual punishment in the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII (prohibiting "cruel and unusual punishments"); TEX. CONST. art. I, § 13 (prohibiting "cruel or unusual punishment"). He argues that the sentence is disproportionately long in light of the length of his probation term.

Brown was required to make a timely objection to the trial court to preserve his argument that his sentence was constitutionally excessive. *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (upholding life sentence for aggravated sexual assault of child against Eighth Amendment challenge where appellant failed to object to trial court); *Ajisebutu v. State*, 236 S.W.3d 309, 311–13 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)

9

(holding Section 13 argument waived by defendant's failure to object); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) (Eighth Amendment argument was waived where sentence was in statutory punishment range and not illegal, and defendant failed to object); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (appellant waived Eighth Amendment and Section 13 arguments by failing to object); *Jackson v. State*, 989 S.W.2d 842, 844–45 (Tex. App.—Texarkana 1999, no pet.) (same); *see also* TEX. R. APP. P. 33.1(a)(1) (appellant must object to preserve error for appellate review). He did not do so, either at the revocation hearing or at any other time, nor did he challenge his sentence at any point in the trial court.

Because Brown failed to raise his constitutional arguments in the trial court, we hold that he has waived them.

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).