

# NUMBER 13-17-00297-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DONOVAN FARR,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

**On appeal from the 206th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Donovan Farr appeals from the revocation of his community supervision. By four issues, Farr contends: (1) the trial court denied him his constitutional right to due process and due course of law by failing to give him the option to have this matter decided by a jury; (2) the trial court erred in finding that technical violations were sufficient to

revoke his community supervision because such finding was based on inadmissible evidence; (3) the trial court's punishment was cruel and unusual; and (4) the trial court abused its discretion when it revoked Farr's probation and sentenced him to three years' confinement without taking into account alternative punishment considerations. We affirm.

## I. BACKGROUND

On February 3, 2016, Farr pleaded guilty to the offense of assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.01(B)(1) (West, Westlaw through 2017 1st C.S.). After imposing punishment of five years in prison and assessing a $500.00 fine, the trial court ordered that the sentence be suspended and that Farr be placed on community supervision for five years with a $500.00 fine subject to the conditions of supervision.

On September 19, 2016, the State filed a motion to revoke, alleging that Farr violated conditions of his community supervision by: (1) committing the offense of unauthorized use of a motor vehicle; (2) failing to pay his fines, fees, and other costs; (3) failing to work his community service hours; and (4) failing to obtain a G.E.D. certificate. The trial court heard the State's motion on January 30, 2017. At the hearing on this motion, Farr pleaded true to all violation allegations, and the trial court sentenced him to three years' confinement and assessed a $500.00 fine. Farr filed a motion for a new trial on punishment, which the trial court granted.

On May 17, 2017, the trial court held a new hearing on punishment.[1] Farr testified about the circumstances of his arrest and subsequent conviction for the unauthorized use of a motor vehicle. Responding to questions of the court, Farr explained that he did not finish school because he "was having a lot of family problems at the time." He also informed the trial court that because of family matters he missed an appointment with a probation officer in the county where the State sought to transfer his probation. According to our review of the record, the transfer was not completed before Farr's arrest for unauthorized use of a motor vehicle and efforts to transfer his probation were not continued. At the end of the hearing, Farr requested reinstatement of his community supervision or, if incarcerated, a term of less than three years.

After finding that while on community supervision Farr failed to comply with the conditions set forth in the State's motion and after announcing the revocation of Farr's community supervision, the trial court sentenced Farr to a term of three years' confinement and again assessed a $500.00 fine. This appeal followed.[2]

## II.    RIGHT TO A JURY TRIAL

By his first issue, Farr contends that the trial court denied him his constitutional right of due process and due course of law when it failed to give him the option of having his revocation proceeding decided by a jury. Farr concedes that a defendant does not

---

[1] The record reveals that Farr was nineteen years old at the time of this hearing.

[2] We note that after the trial court entered its judgment revoking community supervision and imposing sentence and after Farr filed his notice of appeal, we abated the appeal and ordered the trial court to make certain findings relevant to the status of this appeal. To address our concerns, the trial court conducted a hearing and found, among other things:   (1) Farr desired to prosecute this appeal; (2) Farr had not been denied effective assistance of counsel; and (3) Farr was not indigent and, thus, not entitled to court-appointed counsel. These findings and any supporting evidence are not part of our review of Farr's appeal from the revocation of his community supervision.

3

have the right to have a jury trial for a revocation proceeding and that Texas law has long held that constitutional protections regarding jury trials do not apply to revocation proceedings. Nonetheless, Farr urges the applicability of the following legal propositions: (1) Texas recognizes that some constitutional protections apply to revocations; (2) the court of criminal appeals has held that revocation proceedings are not administrative hearings but are judicial proceedings governed by the laws and regulations applicable to such proceedings; (3) a fundamental right regarding revocations is the right to fundamental fairness; (4) a due process right governing revocations is the right to a hearing before a neutral and impartial decision-maker; (5) the Texas Constitution guarantees the right to an impartial jury, which the Legislature may not limit; and (6) allowing the judge alone to decide the issue means that there is no safeguard against bias and prejudice. These legal propositions, however, are not controlling in this instance.[3]

As the State observes, the record does not show that Farr sought a jury trial for his revocation proceeding. Moreover, Farr provides no authority, and we find none, for the proposition that the trial court should have, sua sponte, given him the option to have his revocation matters decided by a jury. Rather, *Hulsey v. State*, and subsequent cases, provide authority for a determination that Farr was not entitled to a jury at his revocation hearing. *See* 447 S.W.2d 165, 167 (Tex. Crim. App. 1969).

---

[3] We note that in *Martinez v. State*, this Court recognized that the following minimum due process rights must be afforded a probationer in a revocation hearing: (1) written notice of the alleged violations; (2) disclosure to the probationer of evidence against him; (3) the opportunity to be heard in person and to present evidence; (4) the right of confrontation and cross-examination; (5) a neutral and detached judge; (6) a written statement by the trial court as to the evidence relied on and reasons for revoking probation; and (7) right to counsel. 635 S.W.2d 762, 766 (Tex. App.—Corpus Christi 1982, no pet.) (citations omitted). Farr does not complain of violation of these rights.

4

In *Hulsey*, the court of criminal appeals addressed a claim that Hulsey had been denied his constitutional right to a jury trial to determine if his probation should be revoked. *Id.* The court found the following: (1) Hulsey made no request for a jury trial; (2) even had the record reflected such a request, a denial would have been proper because Halsey was "not entitled to a jury at a revocation hearing as the result of the express language of" the applicable statute; and (3) "such hearings are not trials in the constitutional sense" because "a defendant does not go to the penitentiary for violation of probation, but because of his original conviction and the failure to rehabilitate himself in accordance with the conditions of probation." *Id.*

Other Texas courts, including this Court, have recognized that there is no right to a jury in a revocation hearing. *See, e.g., Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Barrow v. State*, 505 S.W.2d 808, 809 (Tex. Crim. App. 1974); *Valdez v. State*, 508 S.W.2d 842, 843 (Tex. Crim. App. 1973); *Rhodes v. State*, 491 S.W.2d 895, 896 (Tex. Crim. App. 1973); *Hood v. State*, 458 S.W.2d 662, 662–63 (Tex. Crim. App. 1970); *Martinez v. State*, 635 S.W.2d 762, 766 n.6 (Tex. App.—Corpus Christi 1982, no pet.). And article 42A.751, which addresses detention and hearings for violation of conditions of community supervision, expressly sets out the following: "*After a hearing without a jury*, the judge may continue, extend, modify, or revoke the community supervision." TEX. CODE CRIM. PROC. ANN. art. 42A.751(d) (West, Westlaw through 2017 1st C.S.) (emphasis added).

Based on the above, we conclude the trial court did not deny Farr his right to due process and due course of law by failing to give him the option to have the allegations in

the State's motion to revoke decided by a jury; a revocation proceeding is not a trial, and the right to a jury does not apply to such a proceeding. We overrule Farr's first issue.

### III. VIOLATION OF A SINGLE CONDITION SUPPORTS REVOCATION

By his second issue, Farr complains that the State's evidence of technical violations findings was inadmissible and would not support revocation. We are not persuaded by this argument.

Even assuming that the evidence regarding the technical violations was improperly admitted, one probation violation will support a trial court's order to revoke. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Additionally, a defendant's plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Cole*, 578 S.W.2d at 128; *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Farr's unchallenged pleas of true regarding his commission of the offense of an unauthorized use of a motor vehicle during his community supervision, his failure to work his community service hours, and his failure to complete his requirements for his G.E.D. waived any complaint as to other bases for revocation. *See Smith*, 286 S.W.3d at 342; *Cole*, 578 S.W.2d at 128. We overrule Farr's second issue.

### IV. CRUEL AND UNUSUAL PUNISHMENT

By his third issue, Farr asserts "[e]quity would demand that [he] be placed back on probation and govern another chance to straighten out his life." *See generally Solem v. Helm*, 463 U.S. 277 (1983); *see also* U.S. CONST. amends. VIII, XIV; TEX. CONST. art. 1, § 13. Construing this issue as a broad, general complaint that Farr's punishment is cruel and unusual, the right to be free from such punishment can be waived by failure to object. *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc); *Noland v.*

*State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to offense); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that the defendant waived his cruel and unusual punishment argument by failing to object); *see also Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi June 11, 2015, no pet.) (mem. op., not designated for publication) (disagreeing that appellant should be allowed to make his eighth amendment violation argument for the first time on appeal because he did not object in the trial court and thus his argument was not preserved). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *See* TEX. R. APP. P. 33.1; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc)); *Noland*, 264 S.W.3d at 151–52; *see also Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *Maza*, 2015 WL 3637821, at *2.

Farr did not object when the trial court imposed sentence and did not complain in any post-trial motion that the sentence was excessive or violated the Eighth Amendment. Farr failed to preserve any cruel-and-unusual-punishment issue for our review. *See* TEX. R. APP. P. 33.1; *Smith*, 721 S.W.2d at 855; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 928; *Quintana*, 777 S.W.2d at 479.

7

## V.  ALTERNATE PUNISHMENT CONSIDERATIONS

By what we construe as a fourth issue, Farr generally contends that the trial court abused its discretion by revoking his probation and sentencing him to three years' incarceration without taking into account alternative punishment considerations.

### A.  Failure-to-pay-fees violation

Farr specifically argues that, procedurally, the trial court abused its discretion by revoking his probation for failure to pay fees.   He claims that the court "was under a duty to inquire into alternative methods of taking care of his financial obligations such as community service hours, as opposed to incarceration."   We disagree.

> Subsections (i) and (j) of article 42A.751provide:
>
> (i)  In a revocation hearing at which it is alleged *only* that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services as described by Article 42A.301(11), the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.
>
> (j)    The court *may* order a community supervision and corrections department to obtain information pertaining to the factors listed under Article 42.037(h) [for example, employment status, current and future earning ability, and any other special circumstances] and include that information in the presentence report . . . as the court directs.

TEX. CODE CRIM. PROC. ANN. art. 42A.751(i), (j) (emphasis added) (formerly art. 42.12, § 21(c)).[4]

Article 42A.751(i) does not apply because Farr's failure to pay his fines was not the only violation alleged by the State.   *See id.* art. 42A.751(i).   So the State did not have

---

[4] We cite to the current statute because the relevant language of the current statute is identical to the one in effect at the time of Farr's revocation.

the burden to provide evidence of Farr's ability to pay and the trial court had no "duty," if any, to inquire into alternative methods for paying fines. *See id.* And, we cannot read subsection (j) of the statute to require the trial court to consider community supervision as an alternative to incarceration, as Farr urges. *See id.* art. 42A.751(j). Instead, that subsection provides that the trial court may order a community supervision and corrections department to obtain financial information for a presentence report. *See id.* It does not speak to alternative considerations regarding punishment.

This argument is without support and has no merit. We conclude that the court did not abuse its discretion on this basis. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (setting out that our standard of review for the trial court's revocation of community supervision is abuse of discretion).

## B.  Unauthorized-use-of-a-motor-vehicle violation

Finally, specifically regarding his conviction for unauthorized use of a motor vehicle, Farr asserts that the trial court should have considered the defenses of necessity and mistake of fact and the issue of implied consent as "mitigating factors that should have kept [Farr] from a long prison confinement." Farr bases this argument on his testimony, which he summarizes as follows:  "[T]he State and the [c]ourt learned that [he] borrowed a car because of an emergency related to a relative at the hospital. He made an effort to contact his cousin for permission beforehand. [He] also anticipated that the owner would drop charges since [he] was a relative."

We cannot conclude that the trial court did not consider this testimony from the revocation hearing when it determined Farr's punishment. Moreover, Farr's plea of true to the violation was also before the trial court. *See Cole*, 578 S.W.2d at 128. Without

9

more, this argument is not persuasive. The court did not abuse its discretion on this basis. *See Rickels*, 202 S.W.3d at 763.

## C.    Summary

We overrule Farr's fourth issue.

### V.    CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2018.