**Affirmed and Opinion filed April 16, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00320-CR

### SHANNON RAY SINGLETON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 506th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 18211**

## OPINION

Shannon Ray Singleton appeals his conviction for continuous sexual abuse of a young child, contending that (1) the trial court abused its discretion in admitting evidence of an extraneous offense because the State failed to give notice of its intention to introduce the evidence, and (2) the statute requiring notice of the State's intention to introduce the evidence is unconstitutional as applied to him. We affirm.

At trial, after the jury was empaneled but before the guilt-innocence phase, the State asked for a hearing outside the presence of the jury for the trial court to determine, in accordance with article 38.37 of the Code of Criminal Procedure, the admissibility of extraneous offense evidence.[1] At the hearing, the State presented the following documents: an indictment charging appellant with the felony offense of indecency with a child in a prior case, an order deferring adjudication of appellant's guilt in that case, and appellant's fingerprint card taken after his arrest for the offense in this case. Defense counsel objected on the grounds that the defense had not been provided copies of the documents prior to trial and they had not been authenticated. The trial court found that the evidence was "sufficient . . . to go forward to a jury."

During the guilt-innocence phase of trial, the State offered the three exhibits. Defense counsel reurged his prior objections to the documents and objected to the constitutionality of article 38.37 "under the U.S. and Texas Constitutions to both due process and due course of law." The trial court overruled the objections and admitted the three exhibits.

## I.      Complaint Regarding Lack of Notice Waived and Notice Given

Appellant contends in his first issue that the trial court abused its discretion in admitting the documents because the State failed to give appellant adequate notice of its intention to introduce the evidence under article 38.37, which requires

---

[1] When a defendant is on trial for certain sexual offenses, evidence that the defendant has committed a separate sexual offense may be admissible at trial for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. Tex. Code Crim. Proc. art. 38.37, § 2(b); *Harris v. State*, 475 S.W.3d 395, 398 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). But before the evidence "may be introduced," the trial court must conduct a hearing and determine whether the evidence likely to be admitted at trial will be adequate to support a jury finding "that the defendant committed the separate offense beyond a reasonable doubt." Tex. Code Crim. Proc. art. 38.37, § 2-a; *Harris*, 475 S.W.3d at 398.

the State to give a defendant notice of the State's intention to introduce evidence of certain separate offenses committed by the defendant, including indecency with a child, not later than the 30th day before trial. Tex. Code Crim. Proc. art. 38.37 §§ 2(1)(C), 3; *Pena v. State*, 554 S.W.3d 242, 248 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Pena*, 554 S.W.3d at 248. If the trial court's ruling falls within the zone of reasonable disagreement, we will affirm that decision. *Id*.

As an initial matter, appellant did not object to the admission of the evidence on the basis that the State failed to give him notice under article 38.37. He objected only to the State's failure to produce the offered exhibits before trial. To preserve a complaint for appellate review, the complaining party must make a timely objection to the trial court that states the grounds with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1). The complaining party must let the trial judge know what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014); *Harris v. State*, 475 S.W.3d 395, 400 (Tex. App.— Houston [14th Dist.] 2015, pet. ref'd). Although we do not analyze preservation of error in a hyper-technical manner, the error on appeal must comport with the objection made at trial. *Bekendam*, 441 S.W.3d at 300; *Harris*, 475 S.W.3d at 400. Here, appellant wholly failed to object to the State's purported failure to provide notice under article 38.37 and thus failed to preserve error. *See West v. State*, 554 S.W.3d 234, 242 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Even if appellant had preserved error on this issue, the State provided timely

notice of its intention to introduce the evidence three times before trial. The State filed a document entitled "Discovery Compliance" on July 20, 2017 with a section headed "Notice of Intent to Use Extraneous Offenses, Prior Bad Acts, and/or Prior Convictions for any/all purposes in the guilt/innocence and/or punishment phase of any trial." After that heading, the State included a list of purported prior bad acts and a list of prior offenses, including the following statement, "Defendant, in cause number 951644 in the 185th District Court of Harris County, Texas on October 1, 2003, was convicted of Indecency with a Child." The cause number in the notice matches the cause number on the documents admitted at trial. Two more "Discovery Compliance" documents were filed on January 8 and January 22, 2018, which both include the same information. Trial began on April 9, 2018, so the notices were filed well in advance of the 30-day notice required by the statute.

Appellant concedes the State filed the three notices but complains that the State did not expressly cite article 38.37. The plain language of the statute does not require the State to do that, and appellant has pointed to no authority indicating otherwise. Although including a citation to the statute in the notice might be the better practice, we note that the purpose of the notice requirement in article 38.37 is "to avoid surprise and to allow the defendant to mount an effective defense." *Pena*, 554 S.W.3d at 249. Appellant has not shown on this record that he was surprised by the State's intention to introduce the extraneous offense evidence or that he was unable to mount an effective defense, particularly in light of the State's three notices spelling out its intention to introduce the evidence at trial.[2] *See id*.

We conclude appellant waived his complaint regarding lack of notice under

---

[2] In *Pena*, we did not decide whether the State was required to include "specific dates, specific locations, and unique identifying information for each" separate offense in its article 38.37 notice, because we concluded the defendant was not harmed by the omission of such information when he failed to show how his trial strategy would have been different if he had been given more specific information. 554 S.W.3d at 249.

4

article 38.37. Despite the waiver, the trial court would not have abused its discretion in admitting evidence of appellant's prior extraneous offense under article 38.37 because appellant received notice of the State's intention to introduce the evidence and appellant has not shown that he was surprised or unable to mount an effective defense. *See id.* We overrule appellant's first issue.

## II. Article 38.37 Not Unconstitutional as Applied

In his second issue, appellant contends article 38.37 is "unconstitutional as applied in this case because the procedural safeguards provided in the statute were not followed." Appellant argues he was deprived of due process because (1) he was not given copies of the challenged exhibits until the day of trial and thus he did not have notice of the State's intention to offer evidence of his deferred adjudication for indecency with a child; (2) he received deferred adjudication, which he contends is not evidence that he "committed a separate offense," as required for extraneous offense evidence to be admissible under article 38.37; (3) the State did not authenticate the exhibits at the article 38.37 hearing through a sponsoring witness whom appellant could cross-examine; (4) appellant was deprived of the right to a fair trial by an impartial jury because his attorney did not have the opportunity "to voir dire over potential juror bias"; and (5) the trial court should have conducted a balancing test under Rule of Evidence 403 before admitting the extraneous offense evidence.

As mentioned, defense counsel objected at trial on the basis that article 38.37 violates "due process and due course of law" under the U.S. and Texas Constitutions. We presume without deciding that appellant preserved error as to his "as applied" due process arguments. *But see Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016) ("[A] general or imprecise objection will not preserve error for appeal unless 'the legal basis for the objection is *obvious* to the court and

to opposing counsel.'" (emphasis in original)). Appellant's brief is not a model of clarity, but we construe his constitutional challenges to be under the Due Process Clause except as noted.

In an as applied constitutional challenge, the claimant "concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances." *Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018). Because a statute may be valid as applied to one set of facts and invalid as applied to a different set of facts, a litigant must show that in its operation, the challenged statute was unconstitutionally applied to him. *Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). We presume the statute is valid and the legislature did not act unreasonably or arbitrarily in enacting it. *Faust v. State*, 491 S.W.3d 733, 744 (Tex. Crim. App. 2015).

The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. amend. V. The Due Process Clause requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)). Generally, an accused must be tried only for the offense with which he is charged and may not be tried for a collateral crime or being a criminal generally. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures. *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other grounds*, *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

**No Lack of Notice**. We have already held that appellant received notice of the State's intention to introduce evidence that he committed the separate offense

of indecency with a child. Appellant has pointed to no procedural requirement under article 38.37 requiring the State to provide him with the actual documents the State intended to offer at trial. Even if that were a requirement, appellant has not shown how the State's failure to provide the indictment, order deferring adjudication (both of which are public records), and fingerprint card deprived him of notice and thus due process. *See Harris*, 475 S.W.3d at 402 (holding right to fair trial under article 38.37 is protected by procedural safeguards including notice). As discussed, given the notices that the State filed well in advance of trial, appellant has not shown he was surprised by the State's intention to introduce the evidence or that he was unable to mount an effective defense. *See Pena*, 554 S.W.3d at 249.

**Evidence that Appellant Committed a Separate Offense**. Appellant argues that he was deprived of due process because the State, in presenting the deferred adjudication order, did not present evidence that appellant "committed a separate offense" under article 38.37. *See* Tex. Code Crim. Proc. art. 38.37 § 2(b). Deferred adjudication is not a finding or verdict of guilt: it is a deferral of a finding of guilt. *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). But the deferred adjudication order reflects that appellant *pleaded guilty* to the charge of indecency with a child. Although a guilty plea standing alone will not support a conviction, a guilty plea is an admission of guilt. *See, e.g., Brewster v. State*, 606 S.W.2d 325, 329 (Tex. Crim. App. 1980) (noting legal effect of guilty plea is admission of guilt); *Villanueva v. State*, No. 04-07-00599-CR, 2008 WL 3057289, at *2 (Tex. App.—San Antonio Aug. 6, 2008, no pet.) (mem. op., not designated for publication) ("A plea of guilty before the court in a felony case constitutes an admission of guilt but does not authorize a conviction."); *Perez v. State*, 129 S.W.3d 282, 288 (Tex. App.—Corpus Christi 2004, no pet.) ("In a guilty plea, an accused's stance is 'I admit my guilt of the accusation.'"); *Patterson v. State*, 628

7

S.W.2d 518, 520 (Tex. App.—Fort Worth 1982, no pet.) ("[T]he defensive posture of one who enters a guilty plea is that 'I admit guilt of the accusation.'").

Under the statute, the State was not required to show appellant was convicted of a separate offense. Tex. Code Crim. Proc. art. 38.37 § 2(b). The State was required to show only that appellant "has committed a separate offense." *Id*. *Cf. Baker v. State*, No. 2-02-391-CR, 2003 WL 21101725, at *2 (Tex. App.—Fort Worth May 15, 2003, pet. ref'd) (mem. op., not designated for publication) (holding final conviction was not necessary to revoke probation when State alleges violation of probation by committing offense: "the State must prove only that the defendant committed an offense, not that the defendant has been finally convicted of that offense") (citing *Martinez v. State*, 635 S.W.2d 762, 767 (Tex. App.—Corpus Christi 1982, no pet.) (same)). On this record, appellant has not demonstrated that he was deprived of due process, given that he pleaded guilty to committing a separate offense.

**Lack of Authentication**. Appellant also objected to the exhibits for lack of authentication. On appeal, he contends that he was deprived of a fair trial because he did not have an opportunity to cross-examine anyone regarding the exhibits at the article 38.37 hearing, as the State did not present them through a sponsoring witness. In *Harris*, we held that a defendant's right to a fair trial "is protected by the . . . procedural safeguards provided in the statute." 475 S.W.3d at 402. The two safeguards in the statute are that (1) the trial judge must conduct a hearing outside the presence of the jury to determine whether the evidence likely to be admitted will be adequate to support a jury finding that the defendant committed the separate offense beyond a reasonable doubt; and (2) the State must give notice of its intent to introduce the extraneous offense evidence at least 30 days before trial. *Id*. As noted, both procedures were followed here.

We also said in *Harris* that defense counsel could challenge "*any* witness's testimony by cross-examination at the hearing." *Id*. (emphasis added). We did not hold, however, that the State is required to put on witnesses at the hearing, and there is no such requirement in the statute. Indeed, there are many ways to authenticate a document that do not require witness testimony. *See, e.g.*, Tex. R. Evid. 803(8) (public records), 901(b)(7) (public records), 902 (self-authenticating documents). Appellant has not shown on this record that the State's failure to put on a sponsoring witness at the hearing to authenticate its exhibits deprived appellant of due process.[3]

**Opportunity to Voir Dire on Prior Offense**. Appellant further contends that he was deprived of due process because his attorney did not have an opportunity to voir dire the jury panel regarding potential bias. In support of his argument, appellant cited cases involving "[w]hen a juror withholds material information during voir dire." *See State v. Gutierrez*, 541 S.W.3d 91, 99–100 (Tex. Crim. App. 2017); *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004). There is no evidence in this case of jurors withholding material information during voir dire. Given the fact that appellant was notified three times well in advance of trial that the State intended to offer evidence of the separate offense, we do not agree under these facts that appellant was deprived of the opportunity to ask jury panel members about any potential bias based on the State's intention to offer the evidence.

Appellant also asserts he was deprived of his right to a fair trial by an impartial jury under the Sixth Amendment. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."). Appellant did not object on this basis below and thus

---

[3] We note that the exhibits were offered later during trial through a sponsoring witness.

did not preserve error on this issue. *Glover v. State*, 496 S.W.3d 812, 816 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) ("Almost every right, both constitutional and statutory, may be forfeited by the failure to object."). Accordingly, our analysis is limited to appellant's due process argument.

**Rule 403 Balancing Not Requested**. Lastly, appellant argues the trial court should have conducted a balancing test under Rule of Evidence 403 as an additional due process safeguard before admitting the evidence. Rule 403 authorizes a trial court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Tex. R. Evid. 403. But appellant did not object under Rule 403 or request a balancing test. *See Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) ("When evidence of a defendant's extraneous acts is relevant under article 38.37, the trial court still is required to conduct a Rule 403 balancing test *upon proper objection or request*." (Emphasis added.)). Appellant has not shown that he was deprived of due process by the trial court's failure to conduct a Rule 403 balancing test that he did not request.

**Conclusion**. Appellant has not shown on this record that he was deprived of due process based on the application of article 38.37. We conclude that he has not met his burden to show the statute is unconstitutional as applied to him. We overrule his second issue.

### *Conclusion*

We affirm the judgment of the trial court.

/s/     Frances Bourliot
Justice


Panel consists of Justices Christopher, Bourliot, and Zimmerer.

Publish — TEX. R. APP. P. 47.2(b).

11